# IN THE SUPREME COURT OF TEXAS

No. 18-0443

IN RE GEOMET RECYCLING LLC, RICHARD GOLDBERG, KENNETH GOLDBERG, JOSH APPLEBAUM, ALICIA MCKINNEY, ELOISA MEDINA, LEE WAKSER, SPENCER LIEMAN, MIKEL SHECHT, LAURA MYERS, HENRY JACKSON, AND KELLY COUCH, RELATORS

ON PETITION FOR WRIT OF MANDAMUS

**Argued March 12, 2019**

JUSTICE BLACKLOCK delivered the opinion of the Court.

During certain interlocutory appeals, section 51.014(b) of the Civil Practice and Remedies Code "stays the commencement of a trial in the trial court pending resolution of the appeal." TEX. CIV. PRAC. & REM. CODE § 51.014(b). For a subset of these interlocutory appeals, including appeals from the denial of a motion to dismiss under the Texas Citizens Participation Act ("TCPA"), section 51.014(b) "also stays all other proceedings in the trial court pending resolution of that appeal." *Id.* In this case, while an interlocutory TCPA appeal was pending, the court of appeals granted the appellees' motion to lift the stay "for the limited purpose of allowing the trial court to conduct a hearing on appellees' request for temporary injunction and motion for contempt." The appellant filed a petition for writ of mandamus in this Court, arguing that by authorizing further trial court action the court of appeals' order violates the statutory stay of "all other proceedings in the trial court." For the reasons explained below, we conclude that the court

of appeals' order violates the statutory stay and that the relator has no adequate remedy by appeal. We therefore conditionally grant the mandamus petition.

## I. Background

The relators are Geomet Recycling LLC, a scrap metal recycling business, and several affiliated individuals (collectively "Geomet"). The real parties in interest are EMR (USA Holdings) Inc., also a scrap metal recycling business, and affiliated entities (collectively "EMR"). In mid-2017, some of EMR's employees left EMR to start Geomet, a competing company. A few months later, EMR sued Geomet for trade secret misappropriation, breach of fiduciary duty, and related claims. EMR alleged that Geomet was unlawfully using EMR's trade secrets to advance its new business. Early in the case, the trial court issued a temporary restraining order directing Geomet not to use EMR's trade secrets and confidential information.

Geomet filed a motion to dismiss under the TCPA. TEX. CIV. PRAC. & REM. CODE § 27.003. The trial court ordered limited discovery on the motion. Meanwhile, EMR moved for contempt, alleging that Geomet was violating the TRO. EMR also moved for a temporary injunction. The trial court set EMR's contempt motion for a hearing. Before that hearing, the parties signed an agreed scheduling order that delayed both the contempt hearing and the temporary-injunction hearing. The scheduling order provided for additional continuances of the contempt and temporary-injunction hearings in case of an interlocutory appeal on Geomet's TCPA motion to dismiss. The order stated:

> In the event that the Court denies [Geomet's] TCPA Motion To Dismiss, in whole or in part, and [Geomet] files an interlocutory appeal of the Court's denial . . . the Parties have agreed to extend, and shall extend, the Court's TRO . . . . The Parties hereby agree that the automatic stay under TEX. CIV. PRAC. & REM. CODE Section 51.014(b) (the "Statutory Stay") shall be partially waived for the sole and limited purpose of allowing the Parties to sign, and the Court to enter, one or more agreed

2

extensions of the TRO and Temporary Injunction hearing, as provided in this Order, to maintain the TRO in place until the time of the Temporary Injunction hearing. Otherwise, the Statutory Stay shall be in effect per its terms and applicable case law.

The trial court denied Geomet's TCPA motion to dismiss. Geomet took an interlocutory appeal pursuant to section 51.014(a)(12) of the Civil Practice and Remedies Code. That appeal triggered a stay of "all other proceedings in the trial court pending resolution of that appeal." TEX. CIV. PRAC. & REM. CODE § 51.014(b). Less than three weeks after Geomet filed its notice of appeal, EMR filed a motion in the court of appeals requesting the stay be lifted so the trial court could entertain EMR's request for a temporary injunction and its motion for contempt. EMR argued that while section 51.014(b) prohibits a trial court from conducting proceedings on its own, it does not deprive a court of appeals of authority to lift the stay for a limited purpose. Geomet opposed the motion. The court of appeals sided with EMR and issued an order lifting the statutory stay "for the limited purpose of allowing the trial court to conduct a hearing on appellees' request for temporary injunction and motion for contempt." Geomet's mandamus petition to this Court challenges the court of appeals' order lifting the stay for a limited purpose.

## II. Analysis

Section 51.014(b) of the Civil Practice and Remedies Code provides:

An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4) or in a suit brought under the Family Code, stays the commencement of a trial in the trial court pending resolution of the appeal. An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) **also stays all other proceedings in the trial court pending resolution of that appeal**.

(emphasis added). Because Geomet's appeal of the denial of its TCPA motion is "[a]n interlocutory appeal under Subsection . . . (12)," the appeal automatically resulted in a stay of "all

3

other proceedings in the trial court." Tex. Civ. Prac. & Rem. Code § 51.014(b). The parties do not dispute this. The dispute concerns whether and to what extent the court of appeals may lift the statutory stay during the appeal.

Our analysis of that question begins with the statutory text imposing the stay. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 445 (Tex. 2009) (Hecht, J., concurring) ("Ascertaining the meaning of a statutory text (or any text for that matter) begins with the language used, and if that language is plain enough, absent some obvious error or an absurd result, that is where the task ends."). Other than certain timing provisions in section 51.014(c), which are not applicable here, the statute itself contains no exceptions to its mandatory stay of "all other proceedings in the trial court pending resolution of that appeal." Tex. Civ. Prac. & Rem. Code § 51.014(b). Neither section 51.014 nor any other statute to which we are directed authorizes a court of appeals to lift the stay, whether altogether or for a limited purpose. It is not our place to "judicially amend the statute to add an exception not implicitly contained in the language of the statute." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 867 (Tex. 1999). And "[w]e have no right to engraft upon the statute any conditions or provisions not placed there by the legislature." *Iliff v. Iliff*, 339 S.W.3d 74, 80–81 (Tex. 2011). Courts cannot add equitable or practical exceptions to section 51.014(b) that the legislature did not see fit to enact. The statute creates a clear and definite rule, and its text admits of no exceptions to that rule.[1] The stay is of "*all* other proceedings in the

---

[1] Although the stay is mandatory, like most other legal rights its application may be waived by agreement of the parties. *E.g.*, *State v. Signal Drilling, LLC*, No. 07–17–00412–CV, 2018 WL 542716, at *1 (Tex. App.—Amarillo Jan. 23, 2018, order); *Bishop v. City of Austin*, No. 03-16-00580-CV, 2016 WL 5349384, at *1 (Tex. App.—Austin Sept. 20, 2016, order) (per curiam); *Zumwalt v. City of San Antonio ex rel. San Antonio Water Sys. Bd. of Trs.*, No. 03–11–00301–CV, 2011 WL 6009357, at *1 (Tex. App.—Austin Nov. 29, 2011, order). While trial court action taken in violation of the stay is voidable, it is not necessarily void. *Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 923 (Tex. 2011).

trial court," and the text dictates that the stay lasts until "resolution of th[e] appeal," not until the court of appeals lifts the stay. TEX. CIV. PRAC. & REM. CODE § 51.014(b) (emphasis added). Here, the court of appeals' order lifted the stay only for a limited purpose, but the statute contains no indication that courts of appeals may authorize further trial court proceedings as long as those proceedings are "limited." The statute stays "*all* other proceedings in the trial court," not "some" or "most" such proceedings. The limited nature of the court of appeals' order may have reduced the extent to which the order conflicted with section 51.014(b), but it conflicted nonetheless.

If the court of appeals had the authority to do what it did, that authority must have come from outside section 51.014. According to EMR, the authority exercised by the court of appeals flows from two rules of appellate procedure, Rules 29.3 and 29.4. We consider these procedural rules in turn.

Rule 29.3 provides:

> When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security. But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24.

TEX. R. APP. P. 29.3. The rule authorizes courts of appeals, during interlocutory appeals, to "make any temporary orders necessary to preserve the parties' rights." *E.g.*, *In re Tex. Nat. Res. Conservation Comm'n*, 85 S.W.3d 201, 210 (Tex. 2002) (orig. proceeding) ("[Rule 29.3 authority] may include stay orders and orders shortening the briefing schedule."); *Ranchos Real Developers, Inc. v. Cty. of El Paso*, 138 S.W.3d 441, 445 (Tex. App.—El Paso 2004, no pet.) ("[Rule 29.3] expressly provide[s] that [a court of appeals] may require appropriate security . . . ."). EMR contends that the rule's grant of authority to issue "*any* temporary order" includes the authority to

lift the stay for limited purposes, as the court of appeals did. But procedural rules cannot authorize courts to act contrary to a statute. "[W]hen a rule of procedure conflicts with a statute, the statute prevails . . . ." *Johnstone v. State*, 22 S.W.3d 408, 409 (Tex. 2000). Although Rule 29.3 does not say so explicitly, the authority it grants to issue "any temporary order" naturally includes only the authority to issue orders that are consistent with the law. For instance, a court of appeals could not validly invoke Rule 29.3 to issue a temporary order denying a party its statutory right to appellate review of an interlocutory order listed in section 51.014(a), even if it thought doing so was "necessary to preserve the parties' rights." *See* TEX. CIV. PRAC & REM. CODE § 51.014(a). For the same reason, a court may not invoke Rule 29.3 to issue an order denying a party its statutory right under section 51.014(b) to avoid further trial court proceedings pending resolution of the appeal, even if doing so seems necessary to protect the parties' rights.

EMR also argues that Rule 29.4 authorized the court of appeals' order lifting the stay. Rule 29.4 provides:

> While an appeal from an interlocutory order is pending, only the appellate court in which the appeal is pending may enforce the order. But the appellate court may refer any enforcement proceeding to the trial court with instructions to:
>     (a) hear evidence and grant appropriate relief; or
>     (b) make findings and recommendations and report them to the appellate court.

TEX. R. APP. P. 29.4. By its plain text, Rule 29.4 is inapplicable to this situation. Its first sentence says that during an interlocutory appeal only the court of appeals may enforce the order that is on appeal. But EMR does not seek to enforce the order on appeal. It seeks to enforce a TRO that is not on appeal. It also seeks a hearing on its motion for a new order, a temporary injunction. Considered in conjunction with the Rule 29.4's first sentence, the power granted by the second sentence to "refer any enforcement proceeding to the trial court" applies to a proceeding to enforce

6

the interlocutory order being appealed. It does not appear to apply to *any* enforcement proceeding to enforce *any* order. But even if it did—that is, even if the second sentence of Rule 29.4 authorized the court of appeals to "refer *any* enforcement proceeding" of *any* order "to the trial court"—the rule still could not authorize the court of appeals to violate a statute, including section 51.014(b).

In any event, the order at issue here did not refer a court-of-appeals enforcement proceeding to the trial court, as Rule 29.4 contemplates. Under Rule 29.4's framework, enforcement power lies first with the court of appeals, which may then refer enforcement functions to the trial court. But EMR did not ask the court of appeals to enforce any orders. It asked the court of appeals to lift the stay so the trial court could proceed with matters that were pending in the trial court prior to the interlocutory appeal. One of those matters was a hearing on a motion for temporary injunction, which is plainly not a proceeding to enforce an existing order as contemplated by Rule 29.4. EMR's attempt to portray the court of appeals' order as an enforcement referral under Rule 29.4 turns a blind eye to what the order actually says. The order does not refer anything. It lifts the stay. It does not ask the trial court for help. It authorizes the trial court to proceed as if no stay exists, at least as to certain matters. The order is impossible to square with section 51.014(b)'s stay of all trial-court proceedings, and even if the order could somehow be shoe-horned into Rule 29.4, that alone would not make it valid. Again, "when a rule of procedure conflicts with a statute, the statute prevails." *Johnstone*, 22 S.W.3d at 409.

If neither statute nor rule authorizes the court of appeals' order, then EMR contends the court's inherent constitutional authority must do so. EMR points to *Waites v. Sondock*, in which we held the constitution does not permit the legislative-continuance statute to be applied in a way that renders the courts powerless to prevent irreparable harm to a litigant. 561 S.W.2d 772, 775

7

(Tex. 1977) (orig. proceeding). According to EMR, a statute that renders the courts powerless to preserve the status quo between the parties or to address contempt of court orders impermissibly intrudes on the judicial power vested exclusively in the courts, TEX. CONST. art. V, § 1, and violates the separation of powers, *id.* art. II, § 1. "We have recognized the Legislature's authority to establish some limitations on a court's criminal contempt power." *In re Office of Att'y Gen.*, 422 S.W.3d 623, 630 n.8 (Tex. 2013) (orig. proceeding). But that authority is not without limits. Courts have certain inherent powers "from the very fact that the court has been created and charged by the constitution with certain duties and responsibilities." *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 398 (Tex. 1979). The contempt power, in particular, is "an essential element of judicial independence and authority." *In re Sheshtawy*, 154 S.W.3d 114, 124 (Tex. 2004) (orig. proceeding).

If EMR actually had no recourse for the preservation of its rights during an interlocutory appeal, we would need to address its argument that such an arrangement raises serious constitutional questions. But EMR does have recourse. Section 51.014(b) stays "all other proceedings in the trial court." It does not prevent EMR from asking the court of appeals to protect it from irreparable harm. Rule 29.3 expressly contemplates that such relief is directly available in the court of appeals. It authorizes the court of appeals, during an interlocutory appeal, to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." TEX. R. APP. P. 29.3. Indeed, EMR correctly urges that Rule 29.3 gives an appellate court great flexibility in preserving the status quo based on the unique facts and circumstances presented. That is true. But even the flexible contours of Rule 29.3 do not include the power to make orders

contrary to the stay mandated by the legislature. Rule 29.3 does, however, broadly empower the court of appeals to preserve parties' rights when necessary.

Thus, to the extent EMR faced irreparable harm, it had an avenue available to it by which a court could provide a remedy without violating the statutory stay. It did not pursue that remedy but instead asked the court of appeals to lift the stay in violation of section 51.014(b). EMR's choice of an unsuited procedural mechanism does not create a constitutional problem we must address. And to the extent EMR did not face irreparable harm but simply wanted a hearing on the trial-court motions that had been pending when Geomet's appeal triggered the stay, that is exactly what section 51.014(b) prohibits.

The parties raise two objections to our conclusion that EMR could have sought protection directly from the court of appeals under Rule 29.3. First, Geomet argues that, as a constitutional matter, courts of appeals lack authority to issue orders preserving the parties' rights. According to Geomet, courts of appeals may issue orders to protect their jurisdiction, but they have no authority to issue orders generally protecting the rights of litigants. Although not couched as such, Geomet's argument amounts to a constitutional attack on Rule 29.3, which grants a court of appeals broad authority to "make any temporary orders necessary to preserve the parties' rights." The rule's scope plainly extends well beyond the power to protect the court's jurisdiction. Geomet arrives at its position by improperly conflating a court of appeals' limited *original* jurisdiction to issue writs of injunction with a court of appeals' broad authority to issue temporary orders in an interlocutory appeal already within its *appellate* jurisdiction. The former, courts have held, may only be issued by a court of appeals to preserve its jurisdiction, because original jurisdiction to issue injunctive relief generally lies with the trial courts. *E.g.*, *EMW Mfg. Co. v. Lemons*, 724 S.W.2d 425, 426

9

(Tex. App.—Fort Worth 1987, orig. proceeding); *Becker v. Becker*, 639 S.W.2d 23, 24 (Tex. App.—Houston [1st Dist.] 1982, orig. proceeding). The many cases Geomet cites concerning limitations on a court of appeals' *original* jurisdiction have little to do with the scope of a court of appeals' power over parties properly before it pursuant to its *appellate* jurisdiction. Geomet cites no authority casting any doubt on the validity of Rule 29.3 or the authority of a court of appeals to prevent irreparable harm to parties that have properly invoked its appellate jurisdiction in an interlocutory appeal. We find no reason to doubt that the court of appeals had the authority to make orders protecting EMR against irreparable harm using Rule 29.3.

Second, EMR suggests that even if it could have asked for an order directly from the court of appeals, such an approach would be ineffective because the trial court, not the court of appeals, is best equipped to hold injunction hearings and deal with allegations of contempt. That may be the case, though Rule 29.3 contemplates that preserving parties' rights during an appeal is not altogether foreign to a court of appeals' business. Though we do not dismiss this practical concern, it is more a complaint about the consequences of the legislature's choices than an argument about what the law *is*. By mandating a stay of "all other proceedings in the trial court" during certain interlocutory appeals, the legislature chose to protect parties in those cases from further trial-court litigation until the appeal is resolved. The legislature's desire to protect certain parties in this way surely causes frustration for many appellees like EMR who want to move forward with their lawsuit, and at times it may cause logistical difficulties for courts as well. But the legislature's job is to weigh those competing concerns and decide how to balance them. Our job is to apply that decision, not undermine it when we find it procedurally cumbersome. Again, if parties like EMR truly had no way to seek relief from irreparable harm during an interlocutory appeal, we would

10

take very seriously the constitutional arguments EMR makes. But strict enforcement of the statutory stay does not deprive litigants of any protection. It simply requires them to seek it in the forum authorized by law to provide it at that stage of the case, the court of appeals.

We acknowledge that courts of appeals may find resolution of motions like EMR's an unusual responsibility. But that alone cannot justify denying a party like Geomet its statutory right to avoid "all other proceedings in the trial court." TEX. CIV. PRAC. & REM. CODE § 51.014(b). And the procedural circumstances of this case seem unlikely to recur with great regularity. In many cases, trial-court contempt proceedings can wait until after the interlocutory appeal is done. In addition, Geomet correctly observes that parties in cases subject to the stay can ask the court of appeals for an expedited ruling in what is already an accelerated appeal. TEX. R. APP. P. 28.1. But in the rare case where immediate action by the court of appeals is truly "necessary" to preserve the parties' rights during the statutory stay, the legislature has decided that the court of appeals should be the available forum, and Rule 29.3 empowers the court of appeals to act.

Whether a court of appeals faced with such a motion could somehow involve the trial court in its deliberation—through a referral like the one contemplated in Rule 29.4(b) or by some other means—is not a question this case requires us to resolve.[2] In this case, the court of appeals did

---

[2] As explained above, Rule 29.4, which authorizes the court of appeals to refer certain matters to the trial court for findings and recommendations, did not apply in this case because EMR sought enforcement of an order other than the order being appealed. Rule 29.3, however, authorizes "any temporary orders necessary to preserve the parties' rights." This broad authority to issue "any order" would seem to include the authority to refer a motion to the trial court for findings and recommendations, if such an order is lawful and the court deems it necessary. TEX. R. APP. P. 29.3. Whether such an order under Rule 29.3 referring a motion to the trial court for findings and recommendations would violate the statutory stay "of all trial court proceedings" is a question the parties have not briefed and that we need not decide. It could be argued that, when the trial court acts under the supervision of the court of appeals, which retains the decision-making authority, the trial court is not conducting its own "proceeding" but is assisting in an appellate proceeding. The distinction is fine, but it would be necessary given section 51.014(b)'s clear prohibition on further trial court "proceedings." While we reserve the question for another time, we recognize the possibility that a

11

not seek the trial court's assistance in an appellate proceeding. It lifted the stay so the trial court could conduct trial-court proceedings related to motions not before the court of appeals. EMR suggests we conceptualize the trial-court proceedings authorized by the court of appeals' order as *appellate* court proceedings, but in these circumstances that would be little more than sophistry designed to circumvent the stay. The trial-court proceedings contemplated in the court of appeals' order did not flow from the appeal or relate to motions filed with the court of appeals. The motions on which EMR sought a hearing had been pending in the trial court before the appeal began, and EMR asked to go back to the trial court and conduct proceedings on those motions as if no stay existed. The court of appeals granted that request. In so doing, it was not authorizing or overseeing further appellate proceedings.[3] It was authorizing trial-court proceedings in violation of the statutory stay.

### III. Conclusion

Mandamus relief is appropriate when a petitioner demonstrates a clear abuse of discretion and has no adequate remedy by appeal. *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Walker*, 827 S.W.2d at 840. The court of appeals committed an error of law and thereby clearly

---

referral to the trial court for findings and recommendations under which the court of appeals retains decision-making authority may not authorize a "proceeding in the trial court" prohibited by the statutory stay.

[3] One of EMR's motions—for a temporary injunction—was not required to preserve EMR's rights or maintain the status quo during the appeal, because the parties had already agreed the TRO would remain in place until the appeal ended. While the trial court's resolution of the other motion—the motion for contempt—may have had a tangential impact on the appeal, it is not plausible to think of it as an *appellate* proceeding, despite EMR's creative suggestion.

abused its discretion when it authorized the trial court to conduct further trial-court proceedings in violation of the legislatively mandated stay of "all other proceedings in the trial court." There is generally no adequate remedy by appeal for an erroneous court order purporting to lift the stay. *See, e.g.*, *In re Univ. of the Incarnate Word*, 469 S.W.3d 255, 259 (Tex. App.—San Antonio 2015, orig. proceeding) ("This right [to the stay], once violated, cannot be recovered by appeal."). We therefore conditionally grant the petition for writ of mandamus and direct the court of appeals to vacate its order. We are confident the court of appeals will promptly do so, and the writ will issue only if it does not.

_____
James D. Blacklock
Justice


**OPINION DELIVERED:** June 14, 2019

13