# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-20-00497-CV

---

**Ruth Hughs in her Official Capacity as the Texas Secretary of State, Appellant**

**v.**

**Move Texas Action Fund, Appellee**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-20-005507, THE HONORABLE TIM SULAK, JUDGE PRESIDING

---

## O R D E R

**PER CURIAM**

Texas Secretary of State Ruth Hughs appeals from the district court's orders denying her plea to the jurisdiction and granting MOVE Texas Action Fund's (MOVE) request for a temporary injunction. MOVE has filed an emergency motion for temporary relief seeking to reinstate the injunction, which was superseded by Hughs's appeal. *See* Tex. R. App. P. 29.3 (authorizing temporary orders), 24.2(a)(3) (listing judgments automatically superseded).

The underlying dispute concerns the requirements for applying for a late mail-in ballot. *See generally* Tex. Elec. Code §§ 102.001–.009 ("Late Voting by a Disabled Voter"). A voter with a disability may request a late mail-in ballot if the voter has a disability "described by Section 82.002 [of the Election Code] that originates on or after the day before the last day for submitting an application for a ballot to be voted by mail." *Id.* § 102.001(a); *see id.* § 82.002(a) (providing disabled voters are eligible to vote by mail and defining disability). A late-ballot

application must include a physician's certificate that the applicant's disability originated on or after the deadline (this year, Friday, October 23, 2020). *Id*. § 102.002(a). This provision applies only to late mail-in ballots. The application for voting early by mail "requires only that voters check a box indicating whether the reason for seeking a ballot by mail is a disability." *In re State*, 602 S.W.3d 549, 561 (Tex. 2020) (orig. proceeding). No further proof is required. *See id.* (noting Legislature rejected "requirement of a physician's proof of disability for mail-in voting applications" when codifying Election Code in 1985).

MOVE, a nonprofit corporation involved in voter registration and outreach, sued Hughs in Travis County district court seeking declaratory relief that the physician-certification requirement "is satisfied by the existing public health orders regarding quarantine as to any voter who is diagnosed positive for COVID-19 after the 11-day cutoff" or, in the alternative, that Section 102.002 "is unconstitutional on its face and as applied to MOVE." MOVE also sought an injunction ordering Hughs to refrain from enforcing Section 102.002 and to advise county election officials to do the same. Following an evidentiary hearing, the district court granted a temporary injunction ordering Hughes to refrain "from enforcing the physician's certificate requirement of Texas Election Code § 102.002, either directly or through the Attorney General as outlined in Texas Election Code § 31.005," and to refrain "from advising county election officials to enforce the physician's certificate requirement of Texas Election Code § 102.002 pursuant to her authority under Texas Election Code § 31.004."[1]

Because Hughs is the head of a department of this state, the temporary injunction is superseded by operation of law. *See* Tex. R. App. P. 24.2(a)(3) ("When the judgment debtor is

---

[1] MOVE also sued Dana DeBeauvoir in her official capacity as Travis County Clerk, and the district court temporarily enjoined DeBeauvoir from applying section 102.002. DeBeauvoir is not a party to this appeal.

the state, a department of this state, or the head of a department of this state, the trial court must permit a judgment to be superseded except in a matter arising from a contested case in an administrative enforcement action."). MOVE has filed a motion for temporary relief under Texas Rule of Appellate Procedure 29.3 seeking to reinstate the injunction during the pendency of the appeal. Under Rule 29.3, we have authority to "make any temporary orders necessary to preserve the parties' rights" during the pendency of an interlocutory appeal. Tex. R. App. P. 29.3. Rule 29.3 affords us "great flexibility in preserving the status quo based on the unique facts and circumstances presented." *In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019) (orig. proceeding); *see Texas Educ. Agency v. Houston Indep. Sch. Dist.*, ___ S.W.3d. ___, No. 03-20-00025-CV, 2020 WL 1966314, at *5 (Tex. App.—Austin Apr. 24, 2020, order [mand. pending]) (per curiam) (noting Rule 29.3 authorizes us "to prevent irreparable harm to parties properly before us").[2] The "status quo" is "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding) (citing *Janus Films, Inc. v. City of Fort Worth*, 358 S.W.2d 589 (Tex. 1962)).

MOVE argues that, in the absence of temporary relief, it will suffer irreparable harm by spending resources on connecting voters who contract COVID-19 after the deadline with physicians to certify their disability. MOVE contends that it could allocate those resources to other voter-outreach efforts to alleviate the voting burdens created by the pandemic. However, the need to assist disabled voters with the physician certification requirement is not

---

[2] Hughs argues that our authority to issue temporary orders under Rule 29.3 does not extend to reinstating an injunction superseded under Rule 24.2(a)(3). We have twice rejected the same argument and will not revisit those conclusions here. *See Texas Educ. Agency v. Houston Indep. Sch. Dist.*, ___ S.W.3d ___, No. 03-20-00025-CV, 2020 WL 1966314, at *4–6 (Tex. App.—Austin Apr. 24, 2020, order [mand. pending]) (per curiam); *see also Texas Gen. Land Office v. City of Houston*, 03-20-00376-CV, 2020 WL 4726695, at *2 (Tex. App.—Austin July 31, 2020, order [mand pending]).

unique to an election during the COVID-19 pandemic. Section 102.002 has required that disabled voters obtain a physician's certification since 1986. *See* Act of May 13, 1985, 69th Leg., R.S., ch. 211, § 1, 1985 Tex. Gen. Laws 802, 919. Moreover, local officials throughout the State have already prepared to enforce Section 102.002 to applications submitted after Friday, October 23, 2020. MOVE argues that the burden on election officials from reinstating the injunction will be minimal and points to a declaration submitted by the Travis County Clerk that enjoining Section 102.002 would not change her procedure for evaluating late ballot applications. But the Travis County Clerk also wrote that she would not reject applications that omit the physician's certification if Section 102.002 is enjoined. Reinstating the injunction at this juncture would change the longstanding requirements governing late mail-in ballots and risk voter confusion. *Cf. In re Hotze*, No. 20-0739, ___ S.W.3d ___, 2020 WL 5919726, at *3 (Tex. Oct. 7, 2020) (original proceeding) ("To disrupt the long-planned election procedures as relators would have us do would threaten voter confusion."). Applying the Rule 29.3 standard, we conclude that MOVE has not shown that reinstating the injunction during the pendency of this appeal is necessary to preserve the parties' rights.[3] Accordingly, we deny the motion for temporary relief.

It is so ordered on October 23, 2020.

Before Justices Goodwin, Baker, and Smith

---

[3] Our disposition of the motion for temporary relief is not a comment on the merits of the appeal. Although the analysis for granting temporary relief and the standard of a temporary injunction overlap in some respects, the standards are distinct. *See Texas Ass'n of Bus. v. City of Austin*, No. 03-18-00445-CV, 2018 WL 3967045, at *1 (Tex. App.—Austin Aug. 17, 2018, order) (per curiam) (discussing overlap).