

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-21-00009-CV
_____

RAILROAD COMMISSION OF TEXAS, CHAIRMAN WAYNE CHRISTIAN, AND
COMMISSIONERS CHRISTI CRADDICK AND RYAN SITTON, APPELLANTS

V.

PUBLIC CITIZEN, INC., HUGH FITZSIMONS, AND MOLLY K. ROOKE, APPELLEES

On Appeal from the 53rd District Court
Travis County, Texas
Trial Court No. D-1-GN-20-003795; Honorable Jan Soifer, Presiding

January 12, 2021

ORDER ON MOTION FOR TEMPORARY ORDERS

Before PIRTLE, PARKER, and DOSS, JJ.

Pending before this court is a *Motion for Temporary Orders to Maintain Temporary Injunction Pending Interlocutory Appeal* filed by Appellees, Public Citizen, Inc., Hugh Fitzsimons, and Molly K. Rooke (hereafter "Public Citizen").[1]  The motion is opposed by

---

[1] Originally appealed to the Third Court of Appeals, sitting in Austin, this interlocutory appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts.  TEX. GOV'T CODE ANN. § 73.001 (West 2013).  Should a conflict exist between precedent of the Third Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court.  TEX. R. APP. P. 41.3.

Appellants, the Railroad Commission of Texas ("RRC"), Chairman Wayne Christian, and Commissioners Christi Craddick and Ryan Sitton.  We grant the motion.

On May 5, 2020, the RRC issued three emergency orders, promulgated to address the COVID 19 pandemic, suspending certain rules of the oil and gas industry. Specifically, the RRC granted temporary exceptions related to wells that were in production, newly created alternative underground storage, authorized pits, and fees and surcharges.  Public Citizen, Inc. is a nonprofit, nonpartisan consumer advocacy organization.  Fitzsimons and Rooke are landowners and ranchers concerned about threats to their respective lands that might result from the RRC's temporary exceptions.

Public Citizen challenged those temporary exception orders as being issued without proper notice as required by the Texas Open Meetings Act.  It also alleged the emergency temporary exception orders did not comply with the Administrative Procedure Act and violated the Texas Constitution.

On August 26, 2020, a virtual hearing was held via Zoom on Public Citizen's request for mandamus relief, for a temporary injunction, and on a plea to the jurisdiction filed by the RRC, Christian, Craddick, and Sitton.  After hearing testimony, the trial court reviewed the evidence and, on December 8, 2020, issued a *Temporary Injunction* granting Public Citizen's request only on the claims based on the Texas Open Meetings Act.  The court recited that the RRC's open meeting notice for the May 5, 2020 meeting was insufficient to comply with section 551.041 of the Act.  TEX. GOV'T CODE ANN. § 551.001-.146 (West 2017 & Supp. 2020).  The injunction also enjoins the RRC, Christian, Craddick, and Sitton from enforcing the three emergency orders adopted at that meeting. The same claims are set for trial on the merits on May 10, 2021.

Public Citizen now requests a temporary order from this court to *maintain the status quo* of the RRC rules before adoption of the three emergency orders of May 5, 2020. Rule 29.3 of the Texas Rules of Appellate Procedure allows an appellate court to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal[.]" TEX. R. APP. P. 29.3; *In re Geomet Recycling LLC*, 578 S.W.3d 82, 90 (Tex. 2019). Courts often exercise discretion under Rule 29.3 to protect the status quo and the appellate jurisdiction of the court. *State v. El Paso Cty.*, No. 08-20-00226-CV, 2020 Tex. App. LEXIS 8822, at *2 (Tex. App.—El Paso Nov. 12, 2020, order).

In accordance with that authority, to preserve the status quo, we order that the trial court's December 8, 2020 *Temporary Injunction* be maintained pending disposition of this interlocutory appeal. Furthermore, we order that the RRC rules affected by the emergency temporary orders of May 5, 2020 be likewise preserved and maintained during the pendency of this interlocutory appeal.

It is so ordered.

Per Curiam