COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

| | |
|---|---|
| Appellate case name: | Sunbelt Securities, Inc., Jeanine Fisher, Cheryl Brown, The Fisher Group, and Monique Mandell v. David Mandell & Raymond J. Black, Administrator of the Estate of William Mandell, Deceased |
| Appellate case number: | 01-21-00209-CV |
| Trial court case number: | 473747-402 |
| Trial court: | Probate Court No. 1 of Harris County |

On April 28, 2021, appellants, Sunbelt Securities, Inc., Jeanine Fisher, Cheryl Brown, and The Fisher Group (the "Sunbelt appellants"), filed a notice of appeal from the trial court's April 9, 2021 order denying the Sunbelt appellants' motion to compel arbitration. On April 29, 2021, appellant, Monique Mandell ("Mandell"), similarly filed a notice of appeal from the trial court's April 9, 2021 order denying Mandell's motion to compel arbitration.

On May 3, 2021, the Sunbelt appellants filed an "Emergency Motion for Stay Pending Appeal of Order Denying Arbitration," requesting that this Court stay the trial court proceedings "including all pre-trial proceedings and discovery, pending appeal to the extent the trial proceedings touch or are related to [a]ppellee David Mandell's and [a]ppellee Administrator Raymond J. Black's claims against" the Sunbelt appellants. On May 18, 2021, we issued an order granting the Sunbelt appellants' emergency motion for stay, specifically staying the trial court proceedings related to claims asserted against the Sunbelt appellants, including counts IV, V, VI, VII, VIII, IX, X, XI, XII, XIII, and XIV in appellee, David Mandell's Third Amended Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions (and as joined by appellee, Raymond J. Black, administrator of the Estate of William Mandell). The stay imposed by our May 18, 2021 order was limited to stay the proceedings only in connection with the claims specifically identified, and to the extent they "touch or are related to" the Sunbelt appellants.

Also, on May 18, 2021, Mandell filed an "Emergency Motion for Stay Pending Appeal of Order Denying Arbitration." On May 20, 2021, appellee Black filed a response

in opposition to Mandell's emergency motion for stay. In her emergency motion to stay, Mandell seeks the following relief from this Court:

> [T]he Sunbelt [appellants] and Monique Mandell ask the Court to stay the proceedings related to the following claims asserted against them by [a]ppellee David Mandell (and joined by Mr. Black, the Administrator) in Mr. Mandell's Third Amended Petition (E[xhibit] 2): a. Count IV: Breach of Fiduciary Duty (Defendant Sunbelt); b. Count V: Breach of Fiduciary Duty (Defendant Sunbelt); c. Count VI: Breach of Fiduciary Duty (Defendant Fisher); d. Count VII: Conspiracy (Defendants Monique [Mandell], Leonard, and Fisher); e. Count VIII: Aiding and Abetting Breach of Fiduciary Duty by Defendant Sunbelt (Defendants Monique [Mandell] and Leonard); f. Count IX: Aiding and Abetting Breach of a Fiduciary Duty by Defendant Fisher (Defendant Monique [Mandell] and Leonard); g. Count X: Tortious Interference with a Contract (All Defendants); h.[] Count XI: Conversion (Defendant Monique [Mandell]); i. Count XII: Negligent Misrepresentation (Defendants Fisher and Sunbelt); j. Count XIII: Fraud (Defendants Fisher, Sunbelt, and Monique [Mandell]); and k. Count XIV: Promissory Estoppel (Defendants Fisher and Sunbelt).

Notably, Mandell's motion seeks the same relief as the relief requested in the Sunbelt appellants' emergency motion to stay. Because Mandell seeks the identical relief as the Sunbelt appellants, she necessarily requests, in part, a stay of claims that have not been asserted against her and that this Court has already stayed pursuant to its May 18, 2021 order granting the Sunbelt appellants' emergency motion to stay.

Accordingly, Mandell's emergency motion for stay is **granted in part and denied in part**. *See* TEX. R. APP. P. 29.3 (appellate court may make temporary orders necessary to preserve parties' rights pending disposition of interlocutory appeal); *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019) (noting Texas Rule of Appellate Procedure 29.3 provides appellate court authority to issue stay orders); *PlainsCapital Bank v. Krasovec*, No. 03-19-00808-CV, 2020 WL 1071363, at *1 (Tex. App.—Austin Mar. 5, 2020, order), *disp. on merits*, No. 03-19-00808-CV, 2020 WL 3163774, at *1 (Tex. App.—Austin June 5, 2020, no pet.) (granting emergency motion to stay underlying proceedings pending appeal of order denying motion to compel arbitration). To the extent that Mandell seeks a stay of claims that have not been asserted against her or that this Court previously stayed in its May 18, 2021 order, Mandell's request for a stay is **denied**. To the extent that Mandell seeks a stay of claims against her and relief that has not already been granted by this Court, Mandell's request for stay is **granted**.

Thus, the proceedings in the trial court case number 473747-402, related to claims asserted against Mandell, are **stayed**, including counts VII, VIII, IX, X, XI, and XIII in David Mandell's Third Amended Petition and Application for Temporary Restraining Order and Temporary and Permanent Injunctions. This order does not stay or otherwise impact the trial court proceedings, including any claims or causes of action not specifically

identified in this order, or our May 18, 2021 order.  Nothing in this order shall impact the previous stay granted by this Court on May 18, 2021.  This stay shall be in effect until the disposition of this appeal or until further order of this Court.

It is so ORDERED.


Judge's signature:  _____/s/ Amparo Guerra_____
      ☑ Acting individually ☐ Acting for the Court


Date:  __May 27, 2021_____