

# Fourth Court of Appeals
## San Antonio, Texas

August 19, 2021

No. 04-21-00342-CV

Greg **ABBOTT**, in his Official Capacity as Governor of Texas,
Appellant

v.

**CITY OF SAN ANTONIO** and County of Bexar,
Appellees

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI16133
Honorable Antonia Arteaga, Judge Presiding

### O R D E R

Sitting:    Irene Rios, Justice
            Beth Watkins, Justice
            Liza A. Rodriguez, Justice

Before us is an emergency motion asking this court to exercise its authority under Rule 29.3 of the Texas Rules of Appellate Procedure to reinstate a temporary injunction during the pendency of this appeal. This appeal, which is accelerated in nature, challenges a temporary injunction restraining the Texas Governor, Greg Abbott, and his agents and employees, from enforcing sections of Executive Order GA-38 to the extent it prohibits local officials and governmental entities from requiring masks or face coverings be worn in certain settings in the City of San Antonio and Bexar County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (authorizing an appeal from an interlocutory order that grants or refuses a temporary injunction). For the reasons set out below, we grant the emergency motion. *See* TEX. R. APP. P. 29.3.

## Background

On August 10, 2021, the City of San Antonio and Bexar County filed a declaratory judgment suit challenging Executive Order GA-38, which was signed by the Governor on July 29, 2021. Executive Order GA-38 provides, with some exceptions, that: "No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering . . . ." The City and County's suit alleges that the Governor acted ultra vires and outside the scope of his authority under the Texas Disaster Act of 1975 and, alternatively, that the Texas Disaster Act of 1975 violates the Texas Constitution. The City and County's suit also includes an application for a temporary injunction.

The trial court held a hearing on the temporary injunction application on Monday, August 16, 2021, at 9:00 a.m. After the hearing, the trial court signed an order granting the temporary injunction.[1] Specifically, the temporary injunction order restrains the Governor, in his official capacity "and each of his agents, employees, or those in active participation in concert with him from, enforcing [s]ections 3(b), 3(g), 4, and 5(a) of Executive Order GA-38 to the extent those provisions (1) prohibit the City of San Antonio and Bexar County from requiring City and County employees or visitors to City- and County-owned facilities to wear masks or face coverings; or (2) prohibit the San Antonio and Bexar County Public Health Authority from requiring masks in public schools in the City and County."[2] The temporary injunction order also sets the case for trial on the merits on December 13, 2021, at 9:00 a.m.

---

[1] Executive Order GA-38 states as follows: Section 3(b) provides that "no person may be required by any jurisdiction to wear or to mandate the wearing of a face covering"; Section 3(g) provides that failure to comply with the executive order may be "subject to a fine up to $1,000"; Section 4 provides that "[n]o governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering…."; and Section 5(a) provides, among other things, Executive Order GA-38 "shall supersede any conflicting order issued by local official in response to the COVID-19 disaster…."

[2] The temporary injunction order was signed by the trial court on August 16, 2021, at 4:52 p.m.

Hours after the trial court signed the temporary injunction order, the Governor filed a notice of appeal in this court.[3] The Governor's notice of appeal states that "[u]pon filing of this instrument" the temporary injunction order "is superseded" pursuant to Rule 29.1(b) of the Texas Rules of Appellate Procedure[4] and section 6.001(b) of the Texas Civil Practice and Remedies Code.[5]

The appellees, the City of San Antonio and Bexar County, acknowledge that the Governor's notice of appeal suspended the trial court's temporary injunction. However, in the emergency motion, the City and County ask us to preserve their rights by issuing an order reinstating the trial court's temporary injunction.

### Analysis

Initially, we address this court's authority to grant the relief sought in the emergency motion. "When an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." TEX. R. APP. P. 29.3. Under Rule 29.3, Texas intermediate appellate courts have inherent judicial power to preserve the parties' rights during the pendency of an interlocutory appeal. *Tex. Educ. Agency v. Houston Indep. Sch. Dist.*, 609 S.W.3d 569, 577 (Tex. App.—Austin 2020, order). The Texas Supreme Court has acknowledged this inherent judicial power, holding that one of our sister courts, the Austin court of appeals, had the authority under Rule 29.3 to provide relief from the state's automatic right to suspend a temporary injunction. *In re Tex. Educ. Agency*, 619 S.W.3d 692 (Tex. 2021) (orig. proceeding) (holding "court of appeals was not without power to issue temporary relief" under Rule 29.3 from state's automatic suspending of the trial court's temporary injunction). In another case, the

---

[3] The notice of appeal was filed in this court on August 16, 2021, at 7:23 p.m.

[4] Rule 29.1(b) states: "Perfecting an appeal from an order granting interlocutory relief does not suspend the order appealed from unless . . . the appellant is entitled to supersede the order without security by filing a notice of appeal." TEX. R. APP. P. 29.1(b).

[5] Section 6.001(b) states: "The following are exempt from the bond requirements: (1) this state . . . ." TEX. CIV. PRAC. & REM. CODE ANN. § 6.001(b).

Texas Supreme Court confirmed that nothing prevents a party "from asking the court of appeals to protect it from irreparable harm. Rule 29.3 expressly contemplates that such relief is directly available in the court of appeals." *In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019) (orig. proceeding). We conclude that we have the authority to grant the emergency motion under Rule 29.3 and the relevant case law.

The Texas Supreme Court has also recognized that under Rule 29.3, Texas intermediate appellate courts have "great flexibility in preserving the status quo based on the unique facts and circumstances presented." *Id.* The Texas Supreme Court defines "the status quo" as "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding) (citing *Janus Films, Inc. v. City of Fort Worth*, 358 S.W.2d 589, 589 (Tex. 1962)).

The City and County's authority to administer public health measures is established by the Texas Legislature. *See, e.g.,* TEX. HEALTH & SAFETY CODE ANN. §§ 81.082, 121.003, 122.006, 341.081; *see also* TEX. GOV'T CODE ANN. §§ 418.1015, 418.108; *see also* TEX. LOCAL GOV'T CODE Ch. 54. Effective July 29, 2021, Executive Order GA-38 suspended these and "[a]ny other statute invoked by any local governmental entity or official in support of a face-covering requirement." By their suit, the City and County challenge the issuance of Executive Order GA-38, alleging that the Governor acted ultra vires and outside the scope of his authority under the Texas Disaster Act of 1975 and, alternatively, that the Texas Disaster Act of 1975 violates the Texas Constitution. In the present case, Executive Order GA-38, which was issued on July 29, 2021, altered the status quo, which had allowed local governmental entities to implement and enforce policies reasonably necessary to protect public health. The trial court's temporary injunction restored the status quo. However, as previously mentioned, the filing of the notice of appeal automatically suspended the temporary injunction order and, once again, altered the status quo. *See In re Tex. Educ. Agency*, 619 S.W.3d at 683-84 ("Instead of preserving the

status quo, however, suspension of the temporary injunction would, in this case, have the contradictory effect of permitting the status quo to be altered.").

In their emergency motion, the City and County argue that an order reinstating the trial court's temporary injunction will prevent irreparable harm and preserve their rights. They emphasize that the trial court expressly found in its temporary injunction order that the City and County "will suffer irreparable injury before trial on the merits through the inability to impose masking requirements to control the spread of the COVID-19 virus that threatens to overwhelm the capacity of the healthcare system in the City and County and to cause the City and County to reduce services to the community and furlough workers." They also point to a previous Executive Order, GA-29, in which the Governor recognized that "wearing face coverings is one of the most important and effective tools for reducing the spread of COVID-19."

Additionally, attached to the emergency motion are affidavits from two of the witnesses who testified at the temporary injunction hearing. These affidavits include the affidavit of Dr. Junda Woo, a medical doctor and the San Antonio and Bexar County Public Health Authority, and Erik Walsh, the City Manager for the City of San Antonio.[6]

In her affidavit, which is dated August 9, 2021, Dr. Woo testifies that in her capacity as the local health authority, she is responsible for enforcing public health law and implementing rules and guidelines to slow the spread of the disease in the local community. Dr. Woo evaluates the effect of the delta variant of COVID-19 on local hospitals, public schools, and city and county operations. Specifically, Woo testifies that "Bexar County is currently at a 'severe level' under our risk guidelines, with a hospital stress score that is approaching critical levels"; that "[i]n the next week, local hospitals are likely to surpass the number of patients they had during June 2020"; that "[t]his situation is due to the contagiousness of the [d]elta variant and the fact that significant pockets of the population remain unvaccinated"; and that "[u]nlike last year when each person with COVID would typically infect two others, each person with the now-ubiquitous

---

[6] Also attached to the emergency motion is the affidavit of County Judge Nelson W. Wolff. The emergency motion does not indicate that Judge Wolff testified at the temporary injunction hearing.

delta variant is believed to infect 8 or 9 people." Dr. Woo further testifies that the public schools in Bexar County are beginning their semesters and with the delta variant schools need every tool at their disposal, including the ability to require masks. According to Dr. Woo, "Most studies that have shown success in limiting transmission in schools have involved staff and/or students wearing masks as one of the school's prevention strategies." And, Dr. Woo testifies that, absent the effect of GA-38 on her authority under state law, she "would exercise [her] authority as Public Health Authority to direct actions to abate the spread of COVID-19, to include requiring the use of masks in public schools." Dr. Woo also testifies that "[t]he highly contagious nature of the delta variant is also impacting" City and County operations. "The number of City and County employees who have had to quarantine due to the delta variant has increased over the past few weeks, reaching levels near those at the height of the pandemic." Finally, Dr. Woo testifies that "[t]he spread of the delta variant among City and County employees as well as among visitors to City and County facilities can be significantly decreased by the required use of masks."

In his affidavit, which is dated August 9, 2021, San Antonio city manager, Walsh, testifies that he is responsible for ensuring that city operations are provided in an efficient and effective manner and that he oversees over 13,000 city employees who work at city-owned buildings or facilities. Walsh further testifies that the City owns and operates facilities, such as senior centers and child care assistance sites, that serve "vulnerable populations or children who are too young to receive a COVID-19 vaccine." And, according to Walsh, "with the onset of the [d]elta variant, infection rates have increased to levels consistent with the height of the pandemic" and that he was "advised by the local Public Health Authority that the [d]elta variant is significantly more contagious than the original COVID strain and that using masks is necessary to help curtail its spread." Finally, Walsh testifies that "[w]ith the virulent spread of the [d]elta variant" Executive Order GA-38's prohibition against mask mandates "will impact the ability of the City to operate and to provide necessary services to its citizens."

Based on the temporary injunction order and the evidence attached to the emergency motion, the City and County have demonstrated that reinstating the trial court's temporary injunction is necessary to prevent irreparable harm and preserve their rights during the pendency of this accelerated appeal. The circumstances of this case are unique and, quite frankly, unprecedented. As the Texas Supreme Court has recognized, this court has "great flexibility in preserving the status quo [when] unique facts and circumstances [are] presented." *See In re Geomet*, 578 S.W.3d at 89. Accordingly, we exercise our inherent authority under Rule 29.3, to maintain the status quo and preserve the parties' rights until the disposition of this accelerated appeal. *See Houston Indep. Sch. Dist.*, 609 S.W.3d at 577 (granting a Rule 29.3 motion and ordering the trial court's temporary injunction order to remain in effect until the disposition of the appeal); TEX. R. APP. P. 29.3. We grant the emergency motion and reinstate the trial court's temporary injunction pending final disposition of this appeal.

It is so **ORDERED** on August 19, 2021.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT