**Motion granted in part and denied in part and Order filed November 9, 2021**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-21-00403-CV**
_____

**METROPOLITAN WATER COMPANY, L.P., Appellant**

**V.**

**BLUE WATER SYSTEM, LP AND BLUE WATER VISTA RIDGE, LLC,**
**Appellees**

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 37412**

---

## ORDER

Before this court is an emergency motion filed by appellant to stay an anti-suit injunction issued by the trial court on July 12, 2021.[1]  That injunction prohibits appellant along with its officers, agents, servants, employees, attorneys, and those in active concert or participation with any of those persons who receive actual notice of the injunction, from (1) "tak[ing] any action to prosecute Cause No. D-1-GN-21-

---

[1] Although the motion was filed in the present appeal, the document's styling contains the number of a different appeal, No. 14-20-00524-CV, including the same parties.  However, as the present appeal directly contests the anti-suit injunction on its merits while the related appeal does not, we resolve the motion specifically in the instant appeal.

001598 in the Travis County District Court other than to request that the court abate or dismiss the case; (2) "tak[ing] any action to prosecute Case Nos. 03-21-00206-CV and 03-21-00223-CV in the Third Court of Appeals of Texas other than to request that the court abate or dismiss the cases; (3) "tak[ing] any action to assert or prosecute any causes of action in any county of this State that arise from" a document described as the "Post-Closing Agreement"; and (4) "tak[ing] any action to assert or prosecute any causes of action in any [Texas county] that arise from the Vista Ridge groundwater project in any county of this State against Vista Ridge, LLC, the San Antonio Water Service Board of Trustees or the Burleson/Milam Master Lease Trust". Appellees have filed a response to the motion.

Pursuant to Texas Rule of Appellate Procedure 29.3, this court "may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal." Tex. R. App. P. 29.3. This authority provides this court with "great flexibility in preserving the status quo based on the unique facts and circumstances presented." *In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019).

The motion asserts appellant is in danger of permanently losing rights if several pending cases are dismissed based on the existence of the contested anti-suit injunction. The motion specifies both the Travis County and Third Court of Appeals cases named in the anti-suit injunction, and it also includes a proceeding began on July 8, 2021 as Civil No. 1:21-cv-00604-LY in the United States District Court for the Western District of Texas against Vista Ridge LLC and Wilmington Trust regarding a groundwater lease in Burleson County, Texas. The motion also notes that in at least one proceeding, a party has used the injunction in an attempt to prevent appellant from opposing an effort to dismiss a case. However, the motion does not contend there is presently an urgent need to continue prosecuting those pending cases, nor does it indicate appellant seeks to litigate any additional cases. On the contrary, it admits appellant has not taken any actions to prosecute any causes of action mentioned in the anti-suit injunction outside of the trial court. However, the motion's requested relief is not limited to preventing dismissal of proceedings based

2

on the anti-suit injunction; the motion's request for relief unqualifiedly and unconditionally seeks a stay of the entire anti-suit injunction. Appellees' response centers on their contentions that the anti-suit injunction is valid (an issue more properly resolved at the conclusion of this appeal) and that the claims appellant is seeking to advance outside this litigation are either currently being litigated before the trial court or could still be litigated before it.

In order to maintain the status quo pending the outcome of this appeal, the court grants the motion in part, and stays the anti-suit injunction's ostensible effect of requiring dismissal of the Travis County and Third Court of Appeals proceedings specified in the anti-suit injunction, as well as the Western District of Texas proceeding highlighted by appellant's motion. In addition, this court grants the motion and stays the anti-suit injunction's ostensible effect of preventing appellant from opposing dismissal of any of those specific proceedings or taking such other actions as requesting a continuance, or extending discovery deadlines pending the result of this appeal. To the extent the anti-suit injunction is held to be invalid (whether partially or wholly) at the conclusion of this appeal, this stay will help preserve appellant's rights that would follow from that holding. *See* Tex. R. App. P. 29.3 (authorizing Texas appellate courts to "make any temporary orders necessary to preserve the parties' rights until disposition of the appeal").

The court denies the remainder of the motion.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Wise and Hassan.