# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-22-00126-CV

**Greg Abbott in his Official Capacity as Governor of the State of Texas; Jaime Masters in her Official Capacity of Commissioner of the Department of Family and Protective Services; and the Texas Department of Family and Protective Services, Appellants**

**v.**

**Jane Doe, individually and as parent and next friend of Mary Doe, a minor; John Doe, individually and as parent and next friend of Mary Doe, a minor; and Dr. Megan Mooney, Appellees**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-22-000977, THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## ORDER

**PER CURIAM**

Before the Court is a pre-submission challenge to a district court's order enjoining The Department of Family and Protective Services and its Commissioner from complying with the terms of a letter issued by Governor Greg Abbott on February 22, 2022. That letter requires the Department to "conduct a prompt and thorough investigation of any reported instances" of "gender-transitioning procedures" being performed on minors and classifies the use of those procedures as "child abuse." The letter further requires the Department to coordinate with other agencies in pursuing "criminal penalties" against any parent allowing such procedures and against any professional or member of "the general public" that suspects but fails to report this

purported abuse to appropriate authorities. Following an evidentiary hearing, the district court temporarily enjoined appellants from abiding by the directives within the letter pending the outcome of the litigation. That injunction is currently suspended pending the resolution of this appeal. *See* Tex. Civ. Prac. & Rem. Code § 6.001(b); Texas R. App. P. 29.1(b). Appellees now seek emergency relief, pursuant to Rule of Appellate Procedure 29.3, asking this Court to reinstate the temporary injunction for the duration of this appeal. Appellants oppose the motion, arguing that Rule 29.3 does not afford this Court with discretion to award the relief requested.

As we recently observed, "Rule 29.3 gives us 'great flexibility in preserving the status quo based on the unique facts and circumstances presented.'" *Texas Educ. Agency v. Houston Indep. Sch. Dist.*, 609 S.W.3d 569, 578 (Tex. App.—Austin 2020, order [mand. denied]) (quoting *In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019)). *See also In re Texas Educ. Agency*, 619 S.W.3d 679, 686–87 (Tex. 2021) (holding that statute precluding trial court counter-supersedeas orders in cases against state agencies did not limit appellate court's authority to issue appropriate temporary orders under Rule 29.3 where statute did not reflect an intent to limit appellate rights). The "status quo" is "the last, actual, peaceable, non-contested status which preceded the pending controversy." *In re Newton*, 146 S.W.3d 648, 651 (Tex. 2004) (orig. proceeding) (citing *Janus Films, Inc. v. City of Fort Worth*, 358 S.W.2d 589 (Tex. 1962)). In addition, "Rule 29.3 provides a mechanism by which we may . . . prevent irreparable harm to parties properly before us pursuant to our appellate jurisdiction in an interlocutory appeal." *Texas Educ. Agency*, 609 S.W.3d at 578 (citing *Geomet*, 578 S.W.3d at 90). One of the orders we may issue under Rule 29.3 to maintain the status quo and prevent irreparable harm is an order reinstating a suspended injunction. *See Hughs v. Move Tex. Action Fund*, No. 03-20-00497-CV, 2020 WL 6265520, at *1 (Tex. App.—Austin Oct. 23, 2020, order)

2

(confirming authority to reinstate injunction under Rule 29.3 but denying relief under circumstances); *Texas Ass'n of Bus. v. City of Austin*, No. 03-18-00445-CV, 2018 WL 3967045, at \*1 (Tex. App.—Austin Aug. 17, 2018, order) (reinstating injunction under Rule 29.3 after finding injunction "necessary to preserve the parties' rights until disposition of the appeal").

A litigant's request for injunctive relief is predicated upon that party's assertion that irreparable harm will result from the challenged act or action. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002) ("To obtain a temporary injunction, the applicant must plead and prove three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." (citations omitted)). In this case, the trial court reviewed the evidence and concluded that appellees had established a probable right to recovery on their claims. It further concluded that the appellees had made a sufficient showing that allowing appellants to follow the Governor's directive pending the outcome of this litigation would result in irreparable harm. Having reviewed the record, we conclude that reinstating the temporary injunction is necessary to maintain the status quo and preserve the rights of all parties. Therefore, without regard to the merits of the issues on appeal, which are not yet briefed to this Court, we exercise our discretion under Rule 29.3 to reinstate the injunction as issued by the district court on March 11, 2022.

It is ordered on March 21, 2022.


Before Chief Justice Byrne, Justices Kelly and Smith