**CONDITIONALLY GRANTED and Opinion Filed May 23, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-00582-CV

## IN RE TEXAS PARKS AND WILDLIFE DEPARTMENT AND JOHN SILOVSKY, IN HIS OFFICIAL CAPACITY AS WILDLIFE DIVISION DIRECTOR OF THE TEXAS PARKS AND WILDLIFE DEPARTMENT, Relators

**Original Proceeding from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 110299-CC2**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Miskel

In this mandamus proceeding, relators Texas Parks and Wildlife Department and John Silovsky (together, the Department) seek to enforce the automatic statutory stay provision of Texas Civil Practice and Remedies Code §51.014(b) and to obtain relief from the trial court's temporary restraining order relating to the depopulation of a commercial deer breeding facility. We conclude that the trial judge's order violates the statutory stay and that relators have no adequate remedy by appeal. We therefore conditionally grant relators' petition for writ of mandamus.

## I. Background

This mandamus proceeding arises out the issuance of a deer depopulation order by the Department after the detection of Chronic Wasting Disease in white-tailed deer bred at a breeding facility in Kaufman County owned by RW Trophy Ranch, Ltd. and Robert Williams (together, Trophy Ranch). The Department filed an interlocutory appeal of the trial court's (1) order denying the Department's consolidated plea to the jurisdiction and (2) order granting an application for a temporary injunction filed by Trophy Ranch, which appeal is currently pending. The Texas Supreme Court recently stayed a temporary order from this Court that had prevented depopulation pending resolution of the appeal. Prior to the rescheduled depopulation of the facility, on May 13, 2024, the trial court entered an additional temporary restraining order regarding the manner of the planned depopulation. The Department subsequently filed an emergency petition for writ of mandamus in this Court.

## II. Standard of Review

To obtain relief by writ of mandamus, a relator must establish that an underlying order is void or a clear abuse of discretion and that no adequate appellate remedy exists. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable, made without regard for guiding legal principles or

supporting evidence. *Id.* Similarly, a trial court abuses its discretion when it fails to analyze or apply the law correctly. *Id.*

The second requirement for mandamus relief, that the petitioner has no adequate remedy by appeal, "has no comprehensive definition." *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). Determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" and "depends heavily on the circumstances presented." *See id.* at 136–37.

## III. The temporary restraining order violates the statutory automatic stay.

The Department contends that the trial court abused its discretion in issuing a temporary restraining order during the pendency of an interlocutory appeal relating to the Department's plea to the jurisdiction.

Section 51.014(b) of the Civil Practice and Remedies Code provides:

> An interlocutory appeal under Subsection (a), other than an appeal under Subsection (a)(4) or in a suit brought under the Family Code, stays the commencement of a trial in the trial court pending resolution of the appeal. An interlocutory appeal under Subsection (a)(3), (5), (8), or (12) *also stays all other proceedings in the trial court pending resolution of that appeal*.

TEX. CIV. PRAC. & REM. CODE § 51.014(b) (emphasis added). The stay of all other proceedings in the trial court applies to an interlocutory appeal of a denial of a plea to the jurisdiction by a governmental unit. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8).

The Texas Supreme Court has emphasized that:

> Courts cannot add equitable or practical exceptions to section 51.014(b) that the legislature did not see fit to enact. The statute creates a clear and definite rule, and its text admits of no exceptions to that rule. The stay is of "*all* other proceedings in the trial court," and the text dictates that the stay lasts until "resolution of th[e] appeal," not until the court of appeals lifts the stay.

*In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019) (orig. proceeding) (citations and footnote omitted) (emphasis in original). The Supreme Court also stated that procedural rules cannot authorize courts to act contrary to a statute. *Id.*

In the present case, the Department appealed the trial court's orders denying its plea to the jurisdiction and granting a temporary injunction. Therefore, § 51.014(b) automatically stayed the commencement of trial and all other proceedings in trial court pending resolution of the appeal. *See* TEX. CIV. PRAC. & REM. CODE §51.104(b); *In re Geomet Recycling LLC*, 578 S.W.3d at 87. The trial court thus clearly abused its discretion when it issued its temporary restraining order in violation of the automatic stay. In addition, we conclude that no adequate remedy by appeal exists under the facts in this case. *See In re Geomet Recycling LLC*, 578 S.W.3d at 92 (stating that there is generally no adequate remedy by appeal for an erroneous court order purporting to lift the automatic statutory stay).

## IV.    CONCLUSION

We conditionally grant the petition for writ of mandamus and direct the trial judge to immediately vacate his May 13, 2024 temporary restraining order. The writ

of mandamus will issue only if the trial judge fails to comply with this Court's opinion and order.

/Emily Miskel/
EMILY MISKEL
240582F.P05                                    JUSTICE