

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00320-CV

---

**IN RE KACEY LYNNE MCLEOD F/K/A KACEY LYNNE HORDNES, RELATOR**

---

Original Proceeding
Arising From Proceedings Before the 121st Judicial District Court
Yoakum County, Texas
Trial Court No. 10314, Honorable Kelly G. Moore,[1] Presiding

---

November 4, 2024

## MEMORANDUM OPINION

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

In this original proceeding we determine if the trial court abused its discretion in denying a motion to decline jurisdiction filed by Relator, Kacey Lynne McLeod, f/k/a Kacey Lynne Hordnes. McLeod raises as her sole issue the trial court's denial of her motion to decline jurisdiction based on *forum non conveniens*. Because we conclude the trial court did not abuse its discretion and she is not entitled to mandamus relief, we deny her petition for writ of mandamus.

---

[1] Sitting by assignment.

## BACKGROUND

Kacey McLeod gained custody of her two children, D.F. and J.F., in a 2019 divorce from her former spouse and Real Party in Interest, Jacob Fletcher. McLeod and Fletcher were both made joint managing conservators, but McLeod was given the exclusive right to designate the primary residence without any geographic restrictions. Following the divorce, Fletcher moved to Texas, Florida, and Arizona while McLeod remained in Texas.

In the Summer of 2022, while Fletcher lived in Arizona, McLeod filed a petition with the trial court seeking to be the sole managing conservator for the children based on allegations Fletcher endangered the children and abused them. Fletcher moved back to Texas in early December 2022. By March 2023, McLeod remarried and she, her husband, and the children moved to Alaska. She filed a notice of change of address the same month. A few days after McLeod served her notice, Fletcher counterclaimed seeking the exclusive right to determine the children's primary residence and a modification of his child support payments. A year later, the children made outcries in Alaska of abuse by Fletcher. They were interviewed by Alaskan law enforcement, and a guardian ad litem was appointed to represent them in an Alaska State Court. The Alaska court also issued an *ex parte* temporary protective order against Fletcher, but ultimately declined to issue a long-term protective order because the court found it did not have jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") and it did not find sufficient evidence of abuse against the children.[2] A few months later, McLeod filed a motion urging the Texas trial court to decline jurisdiction

---

[2] This ruling is currently being appealed by McLeod.

2

based on *forum non conveniens* because the trial court refused to permit her to appear virtually for trial. After a hearing in which McLeod was permitted to appear by Zoom from Alaska, the trial court denied the motion.

<h2 style="text-align:center">STANDARD OF REVIEW</h2>

Mandamus relief is appropriate when a petitioner demonstrates a clear abuse of discretion and has no adequate remedy by appeal. *In re Geomet Recycling, LLC*, 578 S.W.3d 82, 91 (Tex. 2019) (orig. proceeding) (citations omitted). When a trial court fails to analyze or apply the law correctly, it has clearly abused its discretion. *In re Sherwin-Williams Co.*, 668 S.W.3d 368, 370 (Tex. 2023) (orig. proceeding) (internal quotations omitted). The trial court has no discretion in determining the law or applying the law to the facts. *Id.* We defer to the trial court's factual determinations if they are supported by the evidence, but we review its legal determinations de novo. *In re Bowers*, 635 S.W.3d 756, 759 (Tex. App.—Amarillo 2021, orig. proceeding) (citing *Carr v. Main Carr Dev., LLC*, 337 S.W.3d 489, 494 (Tex. App.—Dallas 2011, pet. denied)). An appellate remedy is not inadequate simply because it may involve more expense or delay, rather it is inadequate only when parties stand to lose substantial rights. *In re Higginson*, No. 07-15-00455-CV, 2016 Tex. App. LEXIS 200, at *8 (Tex. App.—Amarillo Jan. 8, 2016, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex. 1992) (orig. proceeding)).

We review a trial court's decision to decline to exercise jurisdiction as an inconvenient forum for abuse of discretion. *In the Interest of C.H.*, 595 S.W.3d 272, 276 (Tex. App.—Amarillo 2019, no pet.) (citations omitted). A trial court abuses its discretion

3

when its decision is arbitrary, unreasonable, and without reference to any guiding rules or principles. *Id.* We reverse only when it appears from the record as a whole that the trial court abused its discretion. *Id.*

## ANALYSIS

McLeod argues the trial court abused its discretion by denying her motion to decline jurisdiction because Texas is an inconvenient forum for the parties. TEX. FAM. ANN. CODE § 152.207. She urges the trial court erred by not considering all of the factors a trial court is required to weigh before determining whether the forum is inconvenient. These factors include:

(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;

(2) the length of time the child has resided outside this state;

(3) the distance between the court in this state and the court in the state that would assume jurisdiction;

(4) the relative financial circumstances of the parties;

(5) any agreement of the parties as to which state should assume jurisdiction;

(6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;

(7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and

(8) the familiarity of the court of each state with the facts and issues in the pending litigation.

*See* § 152.207(b)(1)–(8).

McLeod presented the trial court with evidence of the following:

4

(1) the children made an outcry regarding Fletcher in April 2024, but a court has yet to determine the veracity of these allegations;

(2) when the motion was filed, the children had resided in Alaska for over fifteen months;

(3) the distance between this state and Alaska is so great it would require an airplane flight to make it feasible;

(4) McLeod is a married stay-at-home mother with three children with little-to-no income; Fletcher is an unemployed mechanic, currently single without any other children, and owes over $16,000 in child support payments;

(5) there is no agreement of the parties as to which state should assume jurisdiction;

(6) the evidence necessary to resolve the dispute involves the testimony of the children, who reside in Alaska, and the testimony of their therapists, who reside in Texas;

(7) there is nothing to indicate the state courts of Alaska are not competent to the task of adjudicating matters expeditiously under the UCCJEA; and

(8) the state courts in Texas are more familiar with the facts and issues in the pending litigation, as the litigation originated here; however, the state courts of Alaska are more familiar with the recent outcries made by the children.

The first factor does not weigh in favor of any forum since the Alaska state court found insufficient evidence of child abuse. The second factor weighs in favor of Alaska as the forum. The third factor does not weigh in favor of either state, since a parent currently resides in both Texas and Alaska, and travel will present a hardship to the party who must undertake the travel. The fourth factor is neutral because McLeod left out her husband's financial circumstances as part of her evidence and analysis, and there is no indication of what Fletcher's current financial ability actually is, save for the fact he is apparently single and also owes a substantial amount of child support. The fifth factor

5

weighs against transfer, since the parties have not agreed to Alaska as the proper forum. The sixth factor is neutral because while the children reside in Alaska, the therapist whose testimony McLeod relies upon for her modification suit resides in Texas. Similarly, the seventh factor is neutral because there is nothing to indicate the state courts of either Texas or Alaska are not equipped to handle the custody issues in this matter. Finally, the eighth factor weighs in favor of Texas as the forum, because the Texas state courts, having been involved with this matter since the filing of the parties' divorce, is most familiar with the litigants in this case, despite the children's new outcries in Alaska. With only one factor weighing in favor of Alaska while two weighed in favor of Texas, the trial court's decision to continue exercising its jurisdiction was not arbitrary, unreasonable, or without reference to any guiding rules or principles. *See supra*. We do not find the trial court abused its discretion.

Moreover, if Texas is an inconvenient forum at this point, McLeod made it so through her own actions. McLeod initiated the current litigation over a year *prior* to leaving the state. She also continued to litigate this matter in Texas from Alaska, including the filing of an enforcement action for unpaid child support five months after her move out-of-state. Finally, she waited nearly fifteen months after her move to ask the trial court to decline jurisdiction. If the forum itself was truly an issue, then McLeod's inaction displayed no concern or sense of urgency. Though mandamus may be a legal remedy, the equitable doctrine of unclean hands plays a role in its availability. *In re Callano*, No. 07-17-00435-CV, 2017 Tex. App. LEXIS 11753, at *3 (Tex. App.—Amarillo Dec. 18, 2017, orig. proceeding) (citing *Axelson, Inc. v. McIlhany*, 798 S.W.2d 550, 552 n.2 (Tex. 1990)

6

(orig. proceeding)). Because the record demonstrates McLeod created the circumstances necessitating her requested relief, she is not entitled to mandamus.

## CONCLUSION

We find the trial court did not abuse its discretion in denying the motion to decline jurisdiction for inconvenient forum and McLeod has failed to demonstrate she is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus. Our disposition of this mandamus also renders McLeod's motion to stay moot.

Alex Yarbrough
Justice

7