

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-25-00335-CV

———————————————————

In re D.D., Relator

---

Original Proceeding
325th District Court of Tarrant County, Texas
Trial Court No. 325-741045-23

---

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Relator D.D. (Father[1]) filed a pro se petition for writ of mandamus requesting that we order the trial court to vacate its May 27, 2025 order discharging his appointed appellate counsel based on a finding that Father was not indigent. We conditionally grant Father's petition for writ of mandamus.

## I. Background

In 2023, the Texas Department of Family and Protective Services filed a petition to terminate Father's parental rights to his son, and the trial court—after finding Father indigent—appointed counsel to represent Father.[2] Later, Maternal Grandmother filed a petition in intervention.

After a jury trial, the trial court appointed Maternal Grandmother as the child's sole managing conservator and Father as a possessory conservator. The trial court then appointed appellate counsel to represent Father in his appeal, and counsel filed a notice of appeal on Father's behalf. *See In re Z.D.*, No. 02-25-00114-CV (Tex. App.—Fort Worth filed Mar. 12, 2025).

---

[1]Because the underlying case involves child custody, we identify family members by their relationship to the child. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

[2]An appellate court may—and we do—take judicial notice of its own records in a related proceeding involving the same or nearly the same parties. *In re C.B.*, No. 02-25-00026-CV, 2025 WL 728233, at *2 n.6 (Tex. App.—Fort Worth Mar. 6, 2025, orig. proceeding [mand. denied]) (mem. op.).

After Father's appointed appellate counsel filed his opening brief in the pending appeal, but before the Department and Maternal Grandmother filed their responsive briefs, the trial court conducted a hearing on its own motion and on the motion of Maternal Grandmother reconsidering the previously determined indigency of Father and thereby the continued appointment of his appellate counsel. As a result of the hearing, the trial court entered the order made the subject of Father's petition, finding that Father was no longer indigent and discharging his appointed appellate counsel. Summarily deprived of his appointed appellate counsel, Father petitioned this court pro se to have the trial court's order vacated and his appointed appellate counsel reinstated by writ of mandamus. Father's petition is the first notice this court received concerning the ordered discharge of his appointed appellate counsel in his pending appeal.[3]

We asked the Department, Maternal Grandmother, and Father's appointed appellate counsel (who, not having filed a motion to withdraw based on the trial court's order, remained Father's counsel of record before this court) to file responses. Specifically, we noted that the Texas Family Code provided that a parent's indigency may be reconsidered "on the motion of the parent, the attorney ad litem for the

---

[3]When receiving notice that the trial court had removed Father's appointed appellate counsel while his appeal was pending, we questioned whether the trial court had infringed on our jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(a) ("Each court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court."). We do not reach that issue in this opinion.

parent, or the attorney representing the governmental entity," *see* Tex. Fam. Code Ann. § 107.013(e), and that the indigency order about which Father complained was based on the trial court's and Maternal Grandmother's motions. As requested, the Department, Maternal Grandmother, and Father's appointed appellate counsel filed responses.

## II. Discussion

### A. Standard of Review

Mandamus is an extraordinary remedy. *In re Acad., Ltd.*, 625 S.W.3d 19, 25 (Tex. 2021) (orig. proceeding). A party seeking mandamus relief must show both that the trial court clearly abused its discretion and that it has no adequate remedy by appeal. *Id.*; *In re Allstate Indem. Co.*, 622 S.W.3d 870, 875 (Tex. 2021) (orig. proceeding).

A trial court abuses its discretion when it acts arbitrarily, unreasonably, or without reference to guiding principles. *Allstate Indem. Co.*, 622 S.W.3d at 875. A trial court has no discretion in determining what the law is or when applying the law to the facts. *See In re Geomet Recycling LLC*, 578 S.W.3d 82, 91–92 (Tex. 2019) (orig. proceeding).

### B. Applicable Law

Father's petition turns on three provisions in the Texas Family Code—Section 101.024(a), Section 107.013(e), and Section 107.016(2)(A)–(C).

Section 101.024(a) defines who qualifies as a parent:

"Parent" means the mother, a man presumed to be the father, a man legally determined to be the father, a man who has been adjudicated to be the father by a court of competent jurisdiction, a man who has acknowledged his paternity under applicable law, or an adoptive mother or father. Except as provided by Subsection (b), the term does not include a parent as to whom the parent–child relationship has been terminated.

Tex. Fam. Code Ann. § 101.024(a).

Once a trial court determines that a parent is indigent, Section 107.013(e) limits

who may later ask the trial court to reconsider that determination:

A parent who the court has determined is indigent for purposes of this section is presumed to remain indigent for the duration of the suit and any subsequent appeal unless the court, after reconsideration on the motion of the parent, the attorney ad litem for the parent, or the attorney representing the governmental entity, determines that the parent is no longer indigent due to a material and substantial change in the parent's financial circumstances.

*Id.* § 107.013(e).

And after the trial court appoints an attorney to represent a parent, Section

107.016(2)(A)–(C) sets out the duration of that appointment:

In a suit filed by a governmental entity in which termination of the parent–child relationship or appointment of the entity as conservator of the child is requested:

(1) . . .

(2) an attorney appointed under this subchapter to serve as an attorney ad litem for a parent or an alleged father continues to serve in that capacity until the earliest of:

(A) the date the suit affecting the parent–child relationship is dismissed;

5

(B) the date all appeals in relation to any final order terminating parental rights are exhausted or waived; or

(C) the date the attorney is relieved of the attorney's duties or replaced by another attorney after a finding of good cause is rendered by the court on the record.

*Id.* § 107.016(2)(A)–(C).

## C. Analysis

The Department argues that neither the trial court nor Maternal Grandmother was authorized under Section 107.013 to move to have Father's indigency reconsidered and asserts that although no longer being indigent might qualify as good cause under Section 107.016, the trial court used unauthorized means under Section 107.013 to reach that finding. The Department concludes that the trial court's order discharging Father's appointed appellate counsel was thus not authorized under either Section 107.013 or 107.016 of the Texas Family Code.

Like the Department, Father's appointed appellate counsel maintains that under Section 107.013, neither the trial court nor Maternal Grandmother could properly move to have Father's indigency reconsidered. But unlike the Department, Father's counsel contends that Section 107.016 is not relevant because the trial court proceeded under Section 107.013.

As for Maternal Grandmother, she concedes that neither she nor the trial court was a proper party under Section 107.013 to file a motion to reconsider Father's indigency. But Maternal Grandmother argues that Father's petition should

6

nevertheless be denied because Father failed to provide the reporter's record of the indigency hearing and because the trial court might have found good cause under Section 107.016. According to Maternal Grandmother, Father failed to provide an adequate record. *See* Tex. R. App. P. 52.7.

Here, the trial court's order is based strictly on its finding that Father was no longer indigent. The trial court never made a good cause finding. We hold that the trial court abused its discretion because Section 107.013(e) does not authorize either the trial court or Maternal Grandmother to move to reconsider Father's indigency. *See* Tex. Fam. Code Ann. § 107.013(e); *Geomet Recycling LLC*, 578 S.W.3d at 91. Although Maternal Grandmother was appointed managing conservator, she is not a "parent" under the Texas Family Code. *See* Tex. Fam. Code Ann. § 101.024(a).

Regarding the absence of the reporter's record of the indigency hearing, because the hearing was not authorized under Section 107.013(e) and because the trial court relied strictly on whether Father was still indigent, we hold that any evidence presented at the hearing is irrelevant to the resolution of Father's petition. *See* Tex. R. App. P. 52.7(a)(2). *See generally In re Ooida Risk Retention Grp., Inc.*, 475 S.W.3d 905, 911 (Tex. App.—Fort Worth 2015, orig. proceeding) (holding absence of reporter's record of hearing not dispositive when trial court heard no evidence).

And because we are issuing our opinion in Father's appeal contemporaneously with this opinion, we hold that Father would not have an adequate remedy by appeal. If the error is not corrected now, Father would be deprived of appellate counsel at

7

this critical stage. *See Allstate Indem. Co.*, 622 S.W.3d at 875; *In re P.M.*, 520 S.W.3d 24, 26–27 (Tex. 2016) ("[T]he right to counsel is as important in petitioning this Court for review, and in our considering the issues, as in appealing to the court of appeals."); *In re Dep't of Fam. & Protective Servs.*, 273 S.W.3d 637, 645 (Tex. 2009) (orig. proceeding) ("In cases involving child custody, '[j]ustice demands a speedy resolution,' and we have acknowledged that appeal is 'frequently inadequate to protect the rights of parents and children.'"). *See generally In re A. J.*, 559 S.W.3d 713, 721 (Tex. App.—Tyler 2018, no pet.) (holding that depriving parent of counsel during critical stages of the proceedings denied parent a meaningful opportunity to participate in the proceedings); *In re V.L.B.*, 445 S.W.3d 802, 807 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (op. on reh'g) ("When an indigent parent seeks representation before a critical stage of the proceedings, and the trial court nonetheless proceeds with that stage, the delay may render the ultimate appointment a toothless exercise and irreparably impair the parent's ability to defend the case or regain custody of the child.").

### III.  Conclusion

Accordingly, we conditionally grant Father's petition for writ of mandamus. The trial court is ordered to vacate its May 27, 2025 order discharging Father's appointed appellate counsel.  Our writ will issue only if the trial court fails to comply.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  July 31, 2025