# Supreme Court of Texas

No. 24-1073

In re Lynn Madison,

*Relator*

On Petition for Writ of Mandamus

**PER CURIAM**

Justice Hawkins did not participate in the decision.

When a party appeals the denial of a motion to dismiss under the Texas Citizens Participation Act, all trial court proceedings are stayed by operation of law, and the statutory stay remains in effect until the appeal has been resolved. In this case, however, before resolution of the appeal of the denial of a TCPA motion to dismiss, the trial court not only entertained a motion but issued an order awarding attorney's fees and disposing of all claims against one defendant. The court had no authority to undertake those actions because the court of appeals' mandate had not yet issued. We conditionally grant mandamus relief and direct the trial court to vacate its order and proceed to resolve the case without reference to any actions it took when it acted without authority.

Given the procedural issue that we must resolve, the underlying background is immaterial, and we recount it only briefly. Lynn Madison asserted several unfair-debt-collection-practice claims against Talise De Culebra Home Owners Association, Inc. and the law firm Roberts Markel Weinberg Butler Hailey, PC. The claims relate to the collection of past-due assessments and initiation of foreclosure proceedings against Madison's property. The law firm filed a TCPA motion to dismiss, which the trial court denied. The firm appealed, triggering an automatic stay. The court of appeals reversed, rendered judgment in favor of the firm, and remanded. Madison timely filed a motion for rehearing and en banc reconsideration, which the court denied.

Before Madison timely sought this Court's review and before the appellate court's mandate could issue, the firm moved for TCPA attorney's fees in the trial court. After briefing and a hearing, the trial court granted the motion and disposed of all claims against the firm. While Madison's petition for review was pending in this Court, Madison sought mandamus relief directing the trial court to vacate its attorney's fees order, but the court of appeals denied the petition. Madison then sought mandamus relief from this Court, alleging that the trial court violated the statutory stay of all trial court proceedings by granting the firm's motion for attorney's fees before the appellate mandate issued.

The procedural issue in this case derives from the Legislature's authorization of an immediate interlocutory appeal from the denial of a TCPA motion to dismiss. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(12). A perfected TCPA interlocutory appeal automatically stays all trial court proceedings "pending resolution of that appeal," *id.* § 51.014(b), and

2

Section 51.014 "contains no exceptions to its mandatory stay," *In re Geomet Recycling LLC*, 578 S.W.3d 82, 87 (Tex. 2019).

Under our rules of procedure, an appellate court's judgment on an interlocutory appeal "takes effect when the mandate is issued." TEX. R. APP. P. 18.6. Consistent with this rule, we have instructed that "a court of appeals' decision is not final until it issues a mandate." *Freeport-McMoRan Oil & Gas LLC v. 1776 Energy Partners, LLC*, 672 S.W.3d 391, 398 (Tex. 2023). An appellate mandate therefore signals that the appeal is resolved, functioning "as the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed and executed." *Id.* at 398 n.13 (citation and internal quotation marks omitted); *see also Edwards Aquifer Auth. v. Chem. Lime, Ltd.*, 291 S.W.3d 392, 413 (Tex. 2009) (Willett, J., concurring) (describing the mandate as "the official order declaring" that review "is once-and-for-all finished"). And when the appellate mandate issues, the automatic stay expires.

These principles require us to reject the firm's contention that an interlocutory appeal is "resol[ved]" within the meaning of Section 51.014(b) when a court of appeals' plenary power over its judgment expires. *See* TEX. R. APP. P. 19.1. Limitations on plenary power help provide orderly appellate processing, but they do not substitute for the mandate, which marks the actual end—the "resolution"—of the appeal. Entertaining and granting the motion for attorney's fees before the court of appeals' mandate had issued—indeed, before the court of appeals was authorized to issue its mandate—was an abuse of discretion. The deadline for Madison to file a petition for review in this Court had not yet passed,

3

and the court of appeals' mandate cannot issue if the time for filing a petition for review in this Court has not expired. *See id.* R. 18.1(a)(1). The result is that the court of appeals' judgment was not final and had not yet taken effect, so the automatic stay remained operative, and the trial court had no authority to act. Accordingly, the court's order was voidable. *See Geomet*, 578 S.W.3d at 87 n.1.

The firm alternatively argues that Madison waived her objection to the trial court's order. The firm is correct that "a party may waive complaints about a trial court's actions in violation of the stay imposed by section 51.014(b)," *Roccaforte v. Jefferson County*, 341 S.W.3d 919, 923 (Tex. 2011), but Madison timely objected. Her trial court briefing asserted that the firm's motion was improper and that the court lacked authority to consider it because the TCPA appeal remained pending and no appellate mandate had been issued. As we have recently emphasized, courts should reach the merits of an issue whenever possible. *Bertucci v. Watkins*, 709 S.W.3d 534, 542 (Tex. 2025).

We hold that an interlocutory appeal is not resolved, and the automatic stay accompanying such an appeal does not expire, until the appellate mandate issues. Mandamus relief is appropriate to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Geomet*, 578 S.W.3d at 91. Because the trial court not only entertained further proceedings but issued a case-dispositive order when it lacked such authority in light of the statutory stay, that court clearly abused its discretion. And "[t]here is generally no adequate remedy by appeal for an erroneous court order purporting to lift the stay" of trial court proceedings pending interlocutory appeal. *Id.* at 92.

4

This Court has now denied Madison's petition for review challenging the court of appeals' TCPA ruling, and the court of appeals has issued its mandate. The trial court may now resolve all pending matters in the case. Its premature resolution of such issues may, or may not, turn out to have been correct. Because those decisions were made without authority, however, the court may not simply reinstate them. Rather, it must consider the parties' positions anew, assuming any party so requests.

Without hearing oral argument, *see* TEX. R. APP. P. 52.8(c), we conditionally grant mandamus relief and direct the trial court to vacate its order granting attorney's fees for, and disposing of all claims against, the firm. Our writ will issue only if the trial court does not comply.

**OPINION DELIVERED:** October 31, 2025

5