ACCEPTED
15-24-00114-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 4:10 PM
CHRISTOPHER A. PRINE
CLERK

No. 15-24-00114-CV

IN THE COURT OF APPEALS FOR THE FIFTEENTH DISTRICT OF TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/25/2025 4:10:53 PM
CHRISTOPHER A. PRINE
Clerk

CECILE ERWIN YOUNG, IN HER OFFICIAL CAPACITY AS EXECUTIVE COMMISSIONER OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION,
*Appellant,*

v.

COOK CHILDREN'S HEALTH PLAN; TEXAS CHILDREN'S HEALTH PLAN; SUPERIOR HEALTHPLAN, INC.; AND WELLPOINT INSURANCE COMPANY,
*Appellees.*

On Appeal from the 455th Judicial District Court, Travis County, Texas
Cause No. D-1-GN-24-003839

APPELLEES' JOINT EMERGENCY MOTION FOR ADMINISTRATIVE STAY AND MOTION FOR REHEARING OF RULE 29.3 MOTIONS

** RELIEF REQUESTED BY DECEMBER 4, 2025 **

## RELIEF REQUESTED

Appellees Cook Children's Health Plan ("Cook Children's"); Texas Children's Health Plan ("Texas Children's"); Superior HealthPlan, Inc. ("Superior"); and Wellpoint Insurance Company ("Wellpoint") (collectively, "Appellees") respectfully request that the Court (1) issue an administrative stay to preserve their rights pending final resolution of their requests for temporary relief and (2) rehear their previously denied Rule 29.3 motions. *See* Order 3 (Nov. 12, 2025). Given that December 5, 2025, is likely the earliest date on which the Texas Supreme Court might rule on Appellees' pending mandamus petitions, *see infra* pp. 4-5, Appellees seek emergency consideration of their request for an administrative stay and a ruling from this Court by December 4.

An administrative stay enforcing the terms of the trial court's superseded temporary injunction will protect the parties' rights and this Court's jurisdiction. This is necessary because, if the Supreme Court denies the mandamus petitions or returns the issue of temporary relief to this Court, the Commissioner might contend the parties' October 24, 2024, standstill agreement has expired and seek to immediately finalize the procurement and execute contracts in an effort to moot the

1

case (in whole or in part) prior to disposition of this interlocutory appeal—all before Appellees are able to obtain emergency relief from this Court.[1]

This is more than a mere possibility: The Commissioner's most recent filing advocated a "swift end" to this case, Appellant's Resp. in Opp'n to Appellees' Second Joint Mot. for Extension of Time to File Appellees' Brs. 4 (Oct. 29, 2025), and, just today, the Commissioner refused to agree at this time that the parties' standstill agreement would remain in effect if, after the Supreme Court rules on Appellees' mandamus petitions, the parties need to return to this Court for a full decision on the merits of the Appellees' Rule 29.3 motions, *see* Ex. 1. By all indications, the Commissioner is poised to act at the first perceived opportunity, even—or especially—before the merits of Appellees' requests for temporary relief are fully considered by any court and before disposition of the Commissioner's appeal. An administrative stay would maintain the status quo and give this Court and the Supreme Court the opportunity to fully address the merits of the Rule 29.3 motions.[2]

---

[1]    As noted in Appellees' Rule 29.3 motions, the Commissioner's predecessor attempted a similar gambit in a prior procurement challenge. *See Wilson v. Cmty. Health Choice Tex., Inc.*, 607 S.W.3d 843, 848 (Tex. App.—Austin 2020, pet. denied).

[2]    Appellees believe the parties' standstill agreement continues to bind the Commissioner during the pendency of this joint motion, as Appellees seek "a ruling" from this Court on their timely filed Rule 29.3 motions. Order 2. Appellees

Appellees also request that the Court rehear their previously denied Rule 29.3 motions. The Court's order denying the motions (the "Order") is inconsistent with the purpose of the parties' standstill agreement, which was intended to allow time for *this* Court to fully evaluate the merits of those motions without necessitating emergency briefing or consideration. It was meant to facilitate—not obviate—the Court's full review of Appellees' request for temporary relief needed to forestall the imminent risk of significant injury and protect the Court's jurisdiction. And, because the Texas Supreme Court's mandamus review is not guaranteed, the Order creates the possibility that *no* court will fully consider and decide the merits of the Rule 29.3 motions before the Commissioner proceeds with finalizing the challenged procurement and executing the intended contracts—precipitating the serious constitutional questions about supersedeas the Supreme Court has repeatedly flagged. The merits of the requests for temporary relief should be fully adjudicated by this Court, and Appellees therefore seek rehearing.

## BACKGROUND

On November 12, 2025, the Court issued the Order denying Appellees' requests for temporary relief under Rule 29.3. *See* Order 3. The denial was based on

nevertheless request an administrative stay because the Commissioner has not agreed to this interpretation of the agreement, *see* Ex. 1, necessitating judicial intervention to protect Appellees' rights pending appeal.

temporary, contingent protection provided by a standstill agreement Appellees previously reached with the Commissioner "where [she] agreed to abide by the terms of the trial court's temporary injunction order until any Rule 29.3 motions are fully resolved." *Id.* at 2. The relevant language of the standstill agreement states:

> Notwithstanding any supersedeas rights, [HHSC] will comply with the terms of the Temporary Injunction Order until the latest of (a) 30 days after the end of the 89th Regular Session of the Texas Legislature, regardless of the appellate court's ruling on the Joint Motion to Abate; (b) a ruling from the appellate court on any request for temporary orders under TRAP 29.3 filed within seven days of the Appeal's reinstatement; or (c) disposition of any mandamus proceeding in the Texas Supreme Court reviewing a ruling on a request described in (b) above, provided that the proceeding is filed within seven days of such ruling.

*Id.* In light of this language, the Court concluded that,

> [u]nder the parties' agreement, [the Commissioner] will continue to abide by the terms of the trial court's temporary injunction regardless of how this Court rules on Appellees' motions until the Texas Supreme Court resolves the issue. Because this Court's decision will not affect Young's adherence to the terms of the temporary injunction, Appellees have failed to demonstrate that they will suffer irreparable harm if this Court does not grant Appellees the relief they seek.

*Id.* at 2-3 (footnote omitted).

Appellees subsequently sought review of this Court's denial of Appellees' Rule 29.3 motions in the Supreme Court. On November 19, Cook Children's and Texas Children's filed a joint petition for writ of mandamus and, alternatively, petition for writ of injunction. That same day, Superior filed a separate petition for writ of mandamus and, alternatively, petition for writ of injunction with the Supreme

4

Court, while Wellpoint filed its own petition for writ of mandamus. The petitions remain pending with the Supreme Court.

On November 21, counsel for Texas Children's contacted counsel for the Commissioner regarding the status of the parties' standstill agreement. Recognizing that this Court's "denial of [] Appellees' Rule 29.3 motions based on the parties' standstill agreement has created the unanticipated position that Appellees' Rule 29.3 motions may not be fully evaluated and disposed of on the merits absent further review," Appellees sought the Commissioner's agreement "that under those circumstances the Commissioner will, pursuant to the parties' standstill agreement, continue to comply with the terms of the temporary injunction at least until any renewed Rule 29.3 motions … are decided on the merits by [this] Court and, if necessary, the Supreme Court of Texas." Ex. 1. Counsel for the Commissioner responded that "[t]he Commissioner is not currently in a position to agree to [this] request." *Id.*[3]

---

[3] The Commissioner further stated that, "[i]f the [Supreme Court] asks for a response to the mandamus petitions, we may be in a position to revisit at that time." Ex. 1. That, however, does not obviate the need for the administrative stay requested in this motion because the Supreme Court may deny the mandamus petitions without requesting a response.

5

**ARGUMENT**

## I. The Court should immediately issue an administrative stay.

Appellees respectfully request immediate entry of an administrative stay to avoid the constitutionally problematic scenario where no court fully reviews their Rule 29.3 motions on the merits. That scenario is now a real possibility if the Supreme Court declines the parties' pending mandamus petitions without addressing the merits of Appellees' requests for temporary relief.

While Appellees anticipate the Supreme Court will order relief consistent with the trial court's injunction in ruling on their mandamus petitions, the procedural peculiarities and curious posture of this case might instead yield a contingent or uncertain result—one the Commissioner might interpret as terminating the parties' standstill agreement and allowing her to immediately move forward with finalizing the challenged procurement and execution of contracts, all before Appellees are able to obtain emergency relief from this Court to enforce that agreement. This case is too important—with dire consequences for Appellees (indeed, potentially existential consequences for Cook Children's and Texas Children's) and millions of vulnerable Texans—to allow the Commissioner to finalize an illegal procurement (as the trial court found) before Appellees' Rule 29.3 motions are fully considered on the merits. Appellees therefore request that the Court take immediate measures to protect their

rights to ensure that an appellate court will fully address the merits of the Rule 29.3 motions.

Specifically, Appellees request an immediate administrative stay to preclude irreparable harm (as described in the Rule 29.3 motions and associated briefing, the substance of which Appellees incorporate by reference) and preserve the Court's ability to rule on the merits of the motions before the Commissioner's further procurement activities moot the requested relief. "Administrative stays …. freeze legal proceedings until the court can rule on a party's request for expedited relief." *In re State*, 711 S.W.3d 641, 643 n.2 (Tex. 2024) (orig. proceeding) (citation modified); *see also Administrative Stays: Power and Procedure*, 97 NOTRE DAME L. REV. 1941, 1952 (2022) (courts "have largely viewed administrative stays as a kind of adjunct to another form of short-term relief, entered to aid the court in resolving [that] request"). Given the risks of irreparable harm that would accompany the Commissioner's resumption of the challenged procurement, a temporary freeze of the status quo—which is to say, extension of the trial court's temporary injunction on an administrative basis—should be ordered while the Rule 29.3 motions are resolved and Appellees' requests for temporary relief are fully and finally adjudicated on the merits.

In light of this Court's stated intention "to set the case promptly" for resolution, Order 3, any such administrative stay (or, for that matter, temporary relief

under Rule 29.3) would be of limited duration—and therefore pose no risk to the Commissioner, who, after all, already agreed to continue the trial court's temporary injunction for more than a year and who has identified no evidence suggesting the stay has caused any harm to her, HHSC, or Texas Medicaid beneficiaries.

## II.   The Court should rehear Appellees' Rule 29.3 motions.

Additionally, Appellees respectfully request that the Court rehear and fully address the merits of Appellees' motions for temporary relief.

In relying on the standstill agreement to deny the Rule 29.3 motions, the Court appears to have misunderstood the purpose of the agreement. It was never intended to excuse full consideration of the merits of temporary relief. Just the opposite: The agreement was meant to maintain the status quo and preserve the parties' rights— and appellate jurisdiction—so that this Court could fully evaluate and address those merits in the normal course. The agreement's temporary backstop, whereby the Commissioner agreed to abide by the terms of the temporary injunction on a contingent basis, was not meant to (and does not) demonstrate a lack of irreparable harm. Instead, the agreement served the same function as (and therefore obviated the need for Appellees to seek) a motion for emergency temporary relief or an administrative stay during the pendency of the Rule 29.3 motions. By so agreeing, the parties sought to avoid spending their resources on emergency briefing and

8

ensure predictability, allowing the Court to resolve the motions without the need for expedited action.

The Court, however, concluded that the standstill agreement precluded Appellees from showing irreparable harm because the Commissioner "will continue to abide by the terms of the trial court's temporary injunction regardless of how this Court rules on Appellees' motions until the Texas Supreme Court resolves the issue." Order 2-3. While that observation about the parties' agreement is technically correct, the Order, when considered along with the standard of review for a petition for writ of mandamus to the Supreme Court, creates the unsettling—and likely unconstitutional—possibility that *no* court will fully review the Rule 29.3 motions on the merits because of an agreement among the parties to *ensure* that a court would have the opportunity to do just that.

That no party intended the agreement to be used to avoid a full evaluation of the merits of the Rule 29.3 motions, including irreparable harm, is readily apparent from the briefing on the motions. Nowhere in the Commissioner's fifty-page opposition did she urge the denial of the motions on the ground adopted by the Court. Instead, she addressed the motions on their merits—likelihood of success of the underlying appeal, balance of harms, and so on—and did not once suggest the Court could or should rely on the parties' agreement to avoid a full merits inquiry. Not even her amici, who expended considerable ink urging the Court to deny Rule 29.3

9

relief under a host of novel theories, urged this outcome. And no wonder: This unexpected result is premised on a misunderstanding of the parties' intentions in entering into the limited standstill agreement. Far from rendering meaningless the Court's consideration of Appellees' Rule 29.3 motions, the agreement merely obviated the need for emergency relief to prevent the motions from being mooted before they could be decided on the merits. This Court's review of the merits of the requests was presumed and indispensable; after all, the Supreme Court's review at this stage is limited to reviewing this Court's ruling for a clear abuse of discretion.

The Court's decision declining to address the full merits of the Rule 29.3 motions puts Appellees in an impossible position. The Supreme Court's mandamus review is *not* guaranteed. *See In re Novartis Pharms. Corp.*, No. 24-0239, 2025 WL 2989490, at *4 (Tex. Oct. 24, 2025) (op. on denial of mandamus) (observing that Supreme "Court's failure to grant a petition for writ of mandamus is not an adjudication of, nor even a comment on, the merits of a case in any respect, including whether mandamus relief was available"). As it stands now, if the Supreme Court denies the pending mandamus petitions without reaching the merits of the Rule 29.3 motions, then Appellees will have been deprived of *all* available review of their requests for temporary relief pending appeal. That is contrary to the Supreme Court's decision in *In re Texas Education Agency*, which established a party's right to seek temporary relief in the face of the State's automatic supersedeas rights. *See* 619

10

S.W.3d 679, 689-90 (Tex. 2021) (orig. proceeding). It is also counter to the Supreme Court's observation about the need for Rule 29.3 relief to avoid the "serious constitutional questions" that would result if parties had no recourse for preserving their rights during an interlocutory appeal. *In re Geomet Recycling LLC*, 578 S.W.3d 82, 89 (Tex. 2019) (orig. proceeding) ("If [party] actually had no recourse for the preservation of its rights during an interlocutory appeal, we would need to address its argument that such an arrangement raises serious constitutional questions.").

The availability of Rule 29.3 relief is illusory if appellate courts never reach the merits of such motions. The Order not only raises the specter that the Rule 29.3 motions will be denied without any court's full consideration, but also risks the effective reversal of the trial court's temporary injunction before this Court decides the Commissioner's appeal if she moves forward with the challenged procurement after the standstill agreement expires—a consequence of the effect of supersedeas on the temporary injunction, which halted such action while the underlying *ultra vires* claims proceeded in the trial court. Rule 29.3 relief is needed to foreclose this unfair (and unconstitutional) result.

Accordingly, given the parties' standstill agreement was never meant to obviate this Court's full consideration of Appellees' Rule 29.3 motions and that the Supreme Court's consideration of those motions in the first instance is not assured, Appellees respectfully urge this Court to rehear the motions and reach the full merits

11

of their requests for temporary relief. The merits and equities underlying the Rule 29.3 motions—Appellees' probable right to relief on their *ultra vires* claims; the imminent risk of irreparable harm to themselves and their employees and members; and the public interest in ensuring consistent, quality healthcare for vulnerable Texans—require nothing less.

## CONCLUSION AND PRAYER

Appellees respectfully request that the Court immediately order an administrative stay and rehear their Rule 29.3 motions to fully address the merits.

Respectfully submitted,

/s/ *Warren S. Huang*

Susan Feigin Harris
State Bar No. 06876980
susan.harris@nortonrosefulbright.com
Warren S. Huang
State Bar No. 00796788
warren.huang@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US, LLP
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151

Paul Trahan
State Bar No. 24003075
paul.trahan@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US, LLP
98 San Jacinto Boulevard, Suite 1100
Austin, Texas 78701
Telephone: (512) 474-5201

Thomas A. Coulter
State Bar No. 04885500
tom.coulter@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US, LLP
799 9th Street, NW, Suite 1000
Washington, D.C. 20001
Telephone: (202) 662-0200

**COUNSEL FOR APPELLEE**
**TEXAS CHILDREN'S HEALTH PLAN**

/s/ *Amy Warr*

Amy Warr
State Bar No. 00795708
awarr@adjtlaw.com
Anna M. Baker
State Bar No. 00791362
abaker@adjtlaw.com
ALEXANDER DUBOSE & JEFFERSON
LLP
100 Congress Avenue, Suite 1450
Austin, Texas 78701-2709
Telephone: (512) 482-9300

Karen C. Burgess
State Bar No. 00796276
kburgess@burgesslawpc.com
Katie Dolan-Galaviz
State Bar No. 24069620
kgalaviz@burgesslawpc.com
BURGESS LAW PC
404 West 13th Street
Austin, Texas 78701-1825
Telephone: (512) 482-8808

Matthew P. Gordon
*Admission Pro Hac Vice*
mgordon@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101
Telephone: (206) 359.8000

**COUNSEL FOR APPELLEE**
**COOK CHILDREN'S HEALTH PLAN**

HOLLAND & KNIGHT LLP

By: /s/ Richard B. Phillips, Jr.
Richard B. Phillips, Jr.
Texas Bar No. 24032833
rich.phillips@hklaw.com

One Arts Plaza
1722 Routh Street, Suite 15500
Dallas, Texas 75201
(214) 964-9500 (telephone)
(214) 964-9501 (facsimile)

Karen D. Walker
*Admitted Pro Hac Vice*
karen.walker@hklaw.com
Tiffany Roddenberry
*Admitted Pro Hac Vice*
tiffany.roddenberry@hklaw.com

315 S. Calhoun Street, Suite 600
Tallahassee, Florida 32301
(850) 425-5612 (telephone)
(850) 224-8832 (facsimile)

**COUNSEL FOR APPELLEE
SUPERIOR HEALTHPLAN, INC.**

/s/ Stacy R. Obenhaus
Stacy R. Obenhaus
Texas Bar No. 15161570
sobenhaus@foley.com
Michelle Y. Ku
Texas Bar No. 24071452
mku@foley.com
FOLEY & LARDNER LLP
2021 McKinney, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000

Robert F. Johnson III
Texas Bar No. 10786400
rjohnson@foley.com
FOLEY & LARDNER LLP
600 Congress, Suite 3000
Austin, Texas. 78701
Telephone: (512) 542-7000

**COUNSEL FOR APPELLEE
WELLPOINT INSURANCE COMPANY**

14

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this motion contains 2,686 words, excluding the contents listed in Rule 9.4(i)(1).

/s/ *Warren Huang*
Warren Huang

## CERTIFICATE OF CONFERENCE

As set forth in Exhibit 1 to this motion, undersigned counsel for Texas Children's conferred with counsel for the Commissioner asking whether the Commissioner would comply with the parties' October 24, 2024 standstill agreement until any renewed Rule 29.3 motions by Appellees are decided on the merits by this Court in the event the parties need to return to this Court for a decision on the merits of said motions after the Supreme Court of Texas rules on Appellees' mandamus petitions. The Commissioner stated that she is not currently in a position to agree to Appellees' request, thereby necessitating the filing of this motion.

/s/ *Warren Huang*
Warren Huang

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, a true and correct copy of this motion, including any and all attachments, was served via electronic service through eFile.TXCourts.gov on all parties through counsel of record, listed below:

Ken Paxton
Attorney General of Texas
Brent Webster
First Assistant Attorney General
William R. Peterson
Solicitor General
William F. Cole
Principal Deputy Solicitor General
State Bar No. 24124187
William.Cole@oag.texas.gov
Cory A. Scanlon
Assistant Solicitor General
State Bar No. 24104599
Cory.Scanlon@oag.texas.gov
Thomas Bevilacqua
Assistant Attorney General
Jennifer Cook
Assistant Attorney General
Stephanie A. Criscione
Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548 Capitol Station
Austin, Texas 78711-25848
Telephone: (512) 475-4104
Facsimile:  (512) 320-0667

**COUNSEL FOR APPELLANT CECILE ERWIN YOUNG, IN HER OFFICIAL CAPACITY AS EXECUTIVE COMMISSIONER OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION**

Rich Phillips
rich.phillips@hklaw.com
One Arts Plaza
1722 Routh Street, Suite 1500
Dallas, Texas 75201

Theresa Wanat
theresa.wanat@hklaw.com
HOLLAND & KNIGHT, LLP
811 Main Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 821-7000

Karen D. Walker
karen.walker@hklaw.com
HOLLAND & KNIGHT, LLP
315 S. Calhoun Street, Suite 600
Tallahassee, Florida 32301
Telephone: (850) 425-5612

James E. Cousar
james.cousar@hklaw.com
HOLLAND & KNIGHT, LLP
98 San Jacinto Blvd
Austin, Texas 78701
Telephone: (512) 469-6112

**COUNSEL FOR APPELLEE SUPERIOR HEALTH PLAN, INC.**

Robert F. Johnson III
rjohnson@foley.com
FOLEY & LARDNER, LLP
600 Congress Avenue, Suite 3000
Austin, Texas 78701
Telephone: (512) 542-7000

Michelle Y. Ku
mku@foley.com
Brantley A. Smith
bsmith@foley.com
FOLEY & LARDNER, LLP,
2021 McKinney, Suite 1600
Dallas, Texas 75201
Telephone: (214) 999-3000

Benjamin J. Grossman,
bjgrossman@foley.com
FOLEY & LARDNER, LLP
106 E. College Ave., Suite 900,
Tallahassee, Florida 32301
Telephone: (850) 222- 6100

**COUNSEL FOR APPELLEE WELLPOINT INSURANCE COMPANY F/K/A AMERIGROUP INSURANCE COMPANY**

Joseph R. Knight
jknight@ebbklaw.com
EWELL, BROWN, BLANKE & KNIGHT LLP
111 Congress Ave., 28th Floor
Austin, Texas 78701
Telephone: (512) 770-4010

**COUNSEL FOR AETNA BETTER HEALTH OF TEXAS, INC.**

Cheryl Joseph LaFond
clafond@scottdoug.com
Jason R. LaFond
jlafond@scottdoug.com
SCOTT, DOUGLAS & McCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: (512) 495-6300

**COUNSEL FOR MOLINA HEALTHCARE OF TEXAS, INC.**

/s/ *Warren Huang*
Warren Huang

17

# EXHIBIT 1

| | |
|---|---|
| **From:** | Cory Scanlon |
| **To:** | Warren S. Huang |
| **Cc:** | William Cole; Jeff Stephens; Mohmed Patel |
| **Subject:** | RE: Young v. Cook Children"s Health Plan, et al. - Question re: Parties" Standstill Agreement |
| **Date:** | Tuesday, November 25, 2025 8:38:15 AM |
| **Attachments:** | shield-advisory.png |
| | chevron-light.png |

 External email ❯

Hello Warren,

The Commissioner is not currently in a position to agree to your request. If the Court asks for a response to the mandamus petitions, we may be in a position to revisit it at that time.

Happy Thanksgiving to you, your team, and your families.

Kind regards,

Cory

---

**From:** Warren S. Huang <warren.huang@nortonrosefulbright.com>
**Sent:** Monday, November 24, 2025 5:36 PM
**To:** Cory Scanlon <Cory.Scanlon@oag.texas.gov>
**Cc:** William Cole <William.Cole@oag.texas.gov>; Jeff Stephens <Jeff.Stephens@oag.texas.gov>; Mohmed Patel <Mohmed.Patel@oag.texas.gov>
**Subject:** Re: Young v. Cook Children's Health Plan, et al. - Question re: Parties' Standstill Agreement

Cory,

Thanks for the update.  Please let me know what the Commissioner decides by the close of business on Tuesday.

Warren

---

**From:** Cory Scanlon <Cory.Scanlon@oag.texas.gov>
**Sent:** Monday, November 24, 2025 2:59 PM
**To:** Warren S. Huang <warren.huang@nortonrosefulbright.com>
**Cc:** William Cole <William.Cole@oag.texas.gov>; Jeff Stephens <Jeff.Stephens@oag.texas.gov>; Mohmed Patel <Mohmed.Patel@oag.texas.gov>
**Subject:** RE: Young v. Cook Children's Health Plan, et al. - Question re: Parties' Standstill Agreement

Warren,

Some of our HHSC folks need to discuss your request. We should have a response for you sometime tomorrow, but it might not be by noon.

Best,

**Cory A. Scanlon**

*Assistant Solicitor General*

Office of the Attorney General

Direct: 512-936-1820

---

**From:** Warren S. Huang <warren.huang@nortonrosefulbright.com>
**Sent:** Friday, November 21, 2025 3:47 PM
**To:** Cory Scanlon <Cory.Scanlon@oag.texas.gov>
**Cc:** William Cole <William.Cole@oag.texas.gov>
**Subject:** Young v. Cook Children's Health Plan, et al. - Question re: Parties' Standstill Agreement

Cory,

The Fifteenth Court's denial of the Appellees' Rule 29.3 motions based on the parties' standstill agreement has created the unanticipated position that Appellees' Rule 29.3 motions may not be fully evaluated and disposed of on the merits absent further review by the Fifteenth Court. As a result, after the Supreme Court rules on Appellees' mandamus petitions, the parties may need to return to the Fifteenth Court for a decision on the full merits of the Appellees' Rule 29.3 motions. Do you agree that under those circumstances the Commissioner will, pursuant to the parties' standstill agreement, continue to comply with the terms of the temporary injunction at least until any renewed Rule 29.3 motions by the Appellees are decided on the merits by the Fifteenth Court and, if necessary, the Supreme Court of Texas as set forth in the standstill agreement?

Please let us know by next Tuesday, November 25th, at 12:00 noon. Thank you for your consideration.

Warren Huang

Co-Counsel for Texas Children's Health Plan

This email message and any attachments are for the sole use of the intended recipient(s). Any unauthorized review, use, disclosure, copying or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to nrfus.postmaster@nortonrosefulbright.com.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com/legal-notices.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Warren Huang on behalf of Warren Huang
Bar No. 796788
warren.huang@nortonrosefulbright.com
Envelope ID: 108470709
Filing Code Description: Motion for Emergency Relief
Filing Description: Motion for Emergency Relief
Status as of 11/25/2025 4:18 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Michaelle Peters | | mpeters@scottdoug.com | 11/25/2025 4:10:53 PM | SENT |
| Julie Wright | | julie.wright@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| Amanda DoddsPrice | | amanda.price@squirepb.com | 11/25/2025 4:10:53 PM | SENT |
| Mandy Patterson | | mpatterson@adjtlaw.com | 11/25/2025 4:10:53 PM | SENT |
| Michelle Joyner | | mjoyner@scottdoug.com | 11/25/2025 4:10:53 PM | SENT |
| Abril Rivera | | arivera@scottdoug.com | 11/25/2025 4:10:53 PM | SENT |
| Nancy Villarreal | | nancy.villarreal@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |
| Jessie Johnson | | jessie.johnson@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| David Johns | | david@cobbjohns.com | 11/25/2025 4:10:53 PM | SENT |
| Cory Scanlon | | cory.scanlon@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |
| Stacey Jett | | sjett@adjltaw.com | 11/25/2025 4:10:53 PM | SENT |
| Victor Hernandez | | victor.hernandez@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Cook Children's Health Plan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Karen Burgess | 796276 | kburgess@burgesslawpc.com | 11/25/2025 4:10:53 PM | SENT |
| Anna Baker | 791362 | abaker@adjtlaw.com | 11/25/2025 4:10:53 PM | SENT |
| Amy Warr | 795708 | awarr@adjtlaw.com | 11/25/2025 4:10:53 PM | SENT |
| Juliana Bennington | | jbennington@perkinscoie.com | 11/25/2025 4:10:53 PM | SENT |
| Jonathan Hawley | | jhawley@perkinscoie.com | 11/25/2025 4:10:53 PM | ERROR |
| Trisha Marino | | tmarino@perkinscoie.com | 11/25/2025 4:10:53 PM | SENT |
| Perkins Docketing Team | | DocketSEA@perkinscoie.com | 11/25/2025 4:10:53 PM | SENT |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Warren Huang on behalf of Warren Huang
Bar No. 796788
warren.huang@nortonrosefulbright.com
Envelope ID: 108470709
Filing Code Description: Motion for Emergency Relief
Filing Description: Motion for Emergency Relief
Status as of 11/25/2025 4:18 PM CST

Associated Case Party: Cook Children's Health Plan

| | | | | |
|---|---|---|---|---|
| Perkins Docketing Team | | DocketSEA@perkinscoie.com | 11/25/2025 4:10:53 PM | SENT |
| Katie Dolan-Galaviz | | kgalaviz@burgesslawpc.com | 11/25/2025 4:10:53 PM | SENT |
| Matthew Gordon | | mgordon@perkinscoie.com | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Texas Children's Health Plan

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark Emery | 24050564 | mark.emery@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| Warren Huang | 796788 | warren.huang@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| Paul Trahan | 24003075 | paul.trahan@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| Susan Harris | 6876980 | susan.harris@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| Thomas Coulter | 4885500 | tom.coulter@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |
| Kayla Ahmed | | kayla.ahmed@nortonrosefulbright.com | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Wellpoint Insurance Company

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Robert Johnson | 10786400 | rjohnson@foley.com | 11/25/2025 4:10:53 PM | SENT |
| Michelle Ku | 24071452 | mku@foley.com | 11/25/2025 4:10:53 PM | SENT |
| Kristin Hernandez | | kristin.hernandez@foley.com | 11/25/2025 4:10:53 PM | SENT |
| Benjamin Grossman | | bjgrossman@foley.com | 11/25/2025 4:10:53 PM | SENT |
| Stacey Obenhaus | | sobenhaus@foley.com | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Superior Healthplan Inc.

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Warren Huang on behalf of Warren Huang
Bar No. 796788
warren.huang@nortonrosefulbright.com
Envelope ID: 108470709
Filing Code Description: Motion for Emergency Relief
Filing Description: Motion for Emergency Relief
Status as of 11/25/2025 4:18 PM CST

Associated Case Party: Superior Healthplan Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Richard Phillips | 24032833 | Rich.Phillips@hklaw.com | 11/25/2025 4:10:53 PM | SENT |
| J McCaig | 24070083 | meghan.mccaig@outlook.com | 11/25/2025 4:10:53 PM | SENT |
| Karen Walker | | karen.walker@hklaw.com | 11/25/2025 4:10:53 PM | SENT |
| Tiffany Roddenberry | | tiffany.roddenberry@hklaw.com | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Texas Health and Human Services

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Victoria Gomez | | victoria.gomez@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |
| Jennifer Cook | | Jennifer.Cook@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Aetna Better Health of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Joseph Knight | 11601275 | jknight@ebbklaw.com | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Cecile Erwin Young, Texas Health and Human Services

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Cory Scanlon | 24104599 | cory.scanlon@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |
| William FCole | | William.Cole@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |
| Jeffrey Stephens | | jeff.stephens@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |
| Mohmed Patel | | mohmed.patel@oag.texas.gov | 11/25/2025 4:10:53 PM | SENT |

Associated Case Party: Molina Healthcare of Texas, Inc.

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Warren Huang on behalf of Warren Huang
Bar No. 796788
warren.huang@nortonrosefulbright.com
Envelope ID: 108470709
Filing Code Description: Motion for Emergency Relief
Filing Description: Motion for Emergency Relief
Status as of 11/25/2025 4:18 PM CST

Associated Case Party: Molina Healthcare of Texas, Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jason R.LaFond | | jlafond@scottdoug.com | 11/25/2025 4:10:53 PM | SENT |
| Cheryl LaFond | 24104015 | clafond@scottdoug.com | 11/25/2025 4:10:53 PM | SENT |